## In re MILLER.

(District Court, E. D. Georgia, S. D. November 22, 1901.)

1. BANKRUPTCY—POWER OF COURT—ENJOINING SALE UNDER USURIOUS CON-
VEYANCE.

Under Code Ga. § 2878, which provides that "a creditor has no right
to collect usurious interest from an insolvent debtor to the prejudice of
other creditors," petitioning creditors in bankruptcy may attack the
validity of a deed by which the alleged bankrupt has conveyed to another
creditor a valuable part of his estate, which deed, while it conveys title,
is in equity a mortgage, on the ground that it is usurious, and the court
of bankruptcy has power to enjoin a sale of the property by the grantee
pending an adjudication of the question.

2. USURY—RIGHT OF CREDITORS TO PLEAD—CONDITIONS PRECEDENT.

Creditors who are given the right by statute to attack the validity of
a mortgage given by their debtor to another creditor on the ground of
usury are under no equity which requires them to pay the debt of such
other creditor as a condition precedent to the exercise of such right.

In Bankruptcy.

John R. L. Smith and W. C. Snodgrass, for petitioning creditors.

Joseph Hansell Merrill and Washington Dessau, for bankrupt.

SPEER, District Judge (orally). This is an attempt on the part of
creditors of William Miller to administer his estate in bankruptcy. It
appears that an important part of the estate is about to be sold by the
Thomasville Loan & Improvement Company by virtue of a deed made
by the debtor, in which under the law of Georgia he conveyed title
to that company. This nevertheless, in equitable contemplation, is
security only for debt. It is said that the holder of that lien, who is
proceeding to sell a portion of the real estate, has the right to sell it,
and that this court, exercising the functions of the bankruptcy court,
has no authority to enjoin that sale. This the plaintiffs now insist
should be done because the deed is usurious in character. It is ob-
jected by the holder of the deed that that point cannot be raised in this
court for several reasons. One is that usury is a personal plea, and
another is that a creditor coming and making an equitable defense
against usury, or what is claimed to be an equitable defense against
an usurious deed, must himself do equity and pay off the principal and
interest due on the debt secured by the deed before the court will hear
him. It is further insisted that this court has no right to consider the
question at all, but that it must be determined by the courts of the
state.

With regard to the first contention, it is sufficient to say that the
statute of Georgia is a definite and conclusive answer. The bankrupt
is an insolvent as far as we are now advised. The Code of Georgia
(section 2878) provides: "The plea of usury is personal, and a credit-
or has no right to collect usurious interest from an insolvent debtor to
the prejudice of other creditors." It is here made to appear to the
court from the pleading that a creditor is seeking to collect usurious
interest; and he is doing more,—he is using what is alleged to be the
usurious deed of an insolvent, not only to collect the usurious interest,
but to defeat a sovereign and uniform remedy of other creditors

which is accorded by the constitution and laws of the United States. Well, is it true that the creditor who makes this objection to this deed, and insists it is void, must pay the principal and interest due on the debt before he can be heard to attack the character of the instrument itself, which not only conveys away from the representative of the bankruptcy court the title of the insolvent's property, which is used also to defeat his remedy in the bankruptcy court? It does not seem so to me. The decision in 62 Ga. (Campbell v. Murray, 62 Ga. 96), relied on by defendants, is one which is applicable only to those persons who are attempting to seek equity without doing equity. What equity is there upon one creditor to pay off the debt of another creditor, before he can insist that the security instrument which the other creditor has taken to secure his debt is contrary to the law of Georgia, and thereafter null and void? He is a privy with his debtor, and is therefore entitled to be heard, and he has the right to object to a usurious deed which will defeat his claim, just as he has the right to object to any other void instrument which would have the same effect. It is not clearly perceived why it can be insisted that the courts of the state shall pass upon a question of usury, and the courts of the United States have not that power. It is difficult to understand any reason for that contention.

That being true, in the opinion of the court the objections to the amendment must be overruled, and the amendment must be allowed.