[No. 15323. In Bank.—January 26, 1894.]

THE GRANGER'S BANK OF CALIFORNIA, PETITIONER, *v.* THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

PROHIBITION—SUPREME COURT—NEW TRIAL—REHEARING.—A petition for a rehearing, and not a motion for a new trial, is the proper remedy for one desiring a rehearing of an original petition in the supreme court for a writ of prohibition, after a decision has been rendered thereupon.

ID.—CONSTITUTIONAL LAW—CONSTRUCTION OF CODE—ORIGINAL JURISDICTION OF SUPREME COURT.—The constitution of the state and the rule making a judgment rendered in the supreme court final unless a rehearing is granted within thirty days do not make any distinction between cases of appellate, and cases of original, jurisdiction; and the provisions of the Code of Civil Procedure regulating new trials have no application to proceedings instituted in the supreme court in the exercise of its original jurisdiction.

MOTION to set aside an order granting a rehearing.

The facts are stated in the opinion of the court.

*Robert Y. Hayne,* for Petitioner.

*George W. Towle, Jr.,* and *Henry S. Foote,* for Respondent.

McFARLAND, J.—This proceeding is an original petition in this court for a writ of prohibition. There was a decision here in favor of petitioner August 19, 1893; but within thirty days thereafter an order of this court was made granting a rehearing. Petitioner now moves to set aside said order granting said rehearing upon the ground that the court had no power to make it—contending that a motion for a new trial was the proper remedy.

The point was substantially determined against petitioner's contention in *In re Tyler,* 71 Cal. 374. It may be further said that the present constitution provides that the judgment of a department of this court shall be final in thirty days, unless before that time ordered into Bank; and that there has been a rule in this court ever since its origin that a judgment of the court in Bank shall be final in thirty days, unless before that time a rehearing shall have been granted. Neither the constitution nor the rule makes any distinction between cases of appellate jurisdiction and cases of original jurisdiction; and indeed most of the cases here which are in form original are, like the case at bar, in their nature appellate. Therefore, to apply to this court those parts of the Code of Civil Procedure about new trials, etc., which are evidently intended to regulate procedure in the superior courts would be to overturn the constitutional provision above mentioned, as well as the ancient rule and uniform practice of the court. A motion for a new trial, with its attendant consequences and delays, would suspend a judgment rendered here beyond the time fixed by the constitution

and the rule. Many of the provisions of the code about procedure have reference to appeals, and were intended as means for the perfection of records in the superior courts upon which cases might be reviewed in the appellate court; but in an original proceeding here this court has its own record. The general power of this court to grant rehearings is fully discussed and declared in the opinion delivered by Beatty, C. J., in the *Jessup Case*, 81 Cal. 459.

The motion to set aside the order granting a rehearing is denied.

De Haven, J., Harrison, J., Paterson, J., and Beatty, C. J., concurred.