[No. 21188. In Bank.—July 5, 1895.]

IN THE MATTER OF HORACE W. PHILBROOK.

DISBARMENT OF ATTORNEY—MOTION FOR NEW TRIAL—REHEARING.—Under the constitution of 1879 a petition for rehearing of a proceeding for disbarment is an appropriate remedy, and a motion for a new trial of the proceeding is not a proper remedy, and there cannot be a motion for a new trial after an application for a rehearing has been denied.

ID.—INSUFFICIENT PROCEDURE—ABSENCE OF NOTICE—BILL OF EXCEPTIONS. No motion for a new trial can be entertained where no notice of intention was given, as prescribed by the code, and no statement or bill of exceptions was prepared.

MOTION for a new trial of a proceeding for disbarment of Horace W. Philbrook as an attorney at law.

The facts are stated in the opinion of the court.

*Horace W. Philbrook,* in *pro. per.,* for the motion.

*R. Y. Hayne, contra.*

THE COURT.—After the decision made in this case on the 5th of January, 1895 (105 Cal. 471), the respondent filed a petition to vacate the decision and judgment and for a rehearing. Upon this an elaborate argument was made, and the petition was denied. It is insisted that respondent has still pending and undisposed of a motion for a new trial.

No notice of a motion for a new trial was given, other than in the petition referred to, in which it is said: " So far as this is a motion for a new trial it is submitted upon the minutes of the court."

Respondent cites two cases, decided under the former constitution of this state, in which it was held that the proper course to obtain a reconsideration of an original proceeding in this court is to move for a new trial. (*People* v. *Coon,* 25 Cal. 635; *People* v. *Holloway,* 41 Cal. 409.) Also *Nevada Bank* v. *Steinmitz,* 65 Cal. 219, which decision was made after the present constitution took effect.

But since those cases the question has been fully considered here, and the conclusion reached that a motion for a new trial is not the proper remedy in such a case. (*In re Tyler,* 71 Cal. 374; *Grangers' Bank* v. *Superior Court,* 101 Cal. 198.)

In the case of *People* v. *Coon, supra,* it is said that " the party aggrieved must pursue the course prescribed in the Practice Act in like cases arising in the district courts." Respondent has not pursued that mode. He did not give the notice of intention prescribed by the code, nor did he prepare a statement or bill of exceptions. And in this he was right. These things are not required here, for the record to be reviewed is the rec-

ord of this court, and, therefore, a motion for a new trial and an application for a rehearing would present the same questions for consideration. And since, as said in *Grangers' Bank* v. *Superior Court, supra,* the constitution requires that a judgment in Department shall be final, unless ordered into Bank or a rehearing is granted within thirty days, and, since the constitution does not distinguish between a judgment in an original hearing and in an appealed case, it would seem to follow that a motion for a new trial, which might cause a delay beyond the thirty days, is not an appropriate remedy.

As it would serve no useful purpose, it would seem to follow either that the application for a rehearing could not be heard or a motion for a new trial would not lie. It would be preposterous to expect that a motion for a new trial would prevail, after an application for a rehearing has been denied, upon a consideration of the same points which are presented by the motion for a new trial.

The motion is denied.

HARRISON, J., did not participate.