[Civ. No. 230. First Appellate District.—November 10, 1905.]

THEOPHILUS NOEL, Petitioner, v. LUCAS F. SMITH, Superior Judge of Santa Cruz County, Respondent.

DISTRICT COURTS OF APPEAL—FINALITY AND CONCLUSIVENESS OF JUDG-MENTS—REMITTITUR.—Under section 4 of article VI of the state constitution, the judgment of a district court of appeal is not final until the expiration of thirty days after the judgment is pronounced; and under rule 34 of the supreme court, adopted in pursuance of the constitution, such judgment does not become conclusive of the rights of the parties, until the *remittitur* is issued thereon, pursuant to said rule.

ID.—POWER OF SUPREME COURT—VACATION OF JUDGMENT—AUTHORITY OF OPINION VACATED.—The supreme court has power, within thirty days after the decision of a district court of appeal has become final, to order the cause heard and determined by itself, and such order has the effect to vacate the judgment, and with it the value as authority of the opinion upon which the decision was rendered.

ID.—CONSTRUCTION OF RULE AS TO "REMITTITUR."—The word "*remittitur*," as used in rule 34 of the supreme court, is the term employed to designate the judgment of the appellate tribunal which is authenticated to the court from which the appeal is taken, or over which its controlling jurisdiction is exercised, and applies to all judgments of the supreme court or of the district courts of appeal, whether rendered in the exercise of their appellate jurisdiction or by virtue of their original jurisdiction exercised for the control or discretion of the action of the superior courts.

ID.—MANDAMUS PROCEEDINGS—STAY OF ACTION OF SUPERIOR JUDGE—ACTION BEFORE REMITTITUR—VIOLATION OF WRIT.—Where a superior judge was directed by writ of mandate from this court to procure another judge to try a cause, and to preside at all proceedings therein, or show cause to the contrary, such alternative writ

operated as a stay of proceedings without any order therefor, and notwithstanding the final decision of this court against the right of the petitioner to the writ, the judge was acting in violation of the writ by proceeding to try the cause before the final issuance of the remittitur upon the judgment of this court.

Id.—Technical Contempt—Erroneous Interpretation of Law—Good Faith—Punishment not Inflicted.—The superior judge, though technically in contempt of this court in violating its order, should not be visited with any penalty by way of punishment where it appears that his action was taken in good faith under an erroneous interpretation of the law, and without any intention of disrespect to this court, or to disobey its order.

PETITION for contempt proceedings against the judge of the Superior Court of Santa Cruz County. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

D. M. Delmas, and William M. Aydelotte, for Petitioner.

Joseph H. Skirm, Charles M. Cassin, and Benjamin K. Knight, District Attorney, for Respondent.

HARRISON, P. J.—The respondent is the judge of the superior court for the county of Santa Cruz, and in an action pending in said court, wherein Elizabeth A. Noel is plaintiff and Theophilus Noel is defendant, the latter filed an affidavit to the effect that he could not have a fair and impartial trial of the cause or hearing of any motion therein before the respondent by reason of his bias and prejudice, and for that reason moved the court to secure the services of some other judge to act in his stead. This motion was denied by the respondent, and thereupon, upon the application of the said defendant, this court issued a writ of mandate, directed to the respondent, commanding him that immediately after the receipt of said writ he do "forthwith secure the services of some judge of another court to preside at the trial of said cause and of all proceedings therein," or that he show cause before this court on June 26, 1905, why he should not do so. The writ was served upon the respondent June 2d, but he did not in any respect comply with its terms, and on the twenty-sixth day of June he appeared

before this court and presented his reasons for not obeying the writ. After argument thereon the matter was submitted for decision and taken under advisement by the court, and on August 12th this court filed its opinion, holding that the petitioner was not entitled to the writ of mandate, and denied his application therefor. On August 25th the respondent made an order in the superior court aforesaid that certain motions still pending in said court in the case of *Noel* v. *Noel* be set down for hearing before him on the 29th of August, and announced that he would then hear and dispose of the same. Upon presenting an affidavit of these facts this court, upon the motion of the defendant in said action of *Noel* v. *Noel,* issued a citation to the respondent, directing him to appear before it on September 11th to show cause why he should not be punished for contempt. On that day he appeared, and, in answer to the citation and in defense of his action, relied upon the opinion and judgment of the court rendered as aforesaid on August 12th.

Article 6, section 4, of the constitution of this state declares: "The supreme court shall have power to order any cause pending before the supreme court to be heard and determined by a district court of appeal, and to order any cause pending before a district court of appeal to be heard and determined by the supreme court. The order last mentioned must be made before judgment has been pronounced by a district court of appeal, or within thirty days after such judgment shall become final therein. Judgments of the district court of appeal shall become final therein upon the expiration of thirty days after the same shall have been pronounced." By virtue of the last sentence thus quoted from the constitution the judgment of a district court of appeal is not conclusive upon the rights or obligations of the parties to any cause or proceeding submitted for its decision, until the expiration of thirty days after such judgment is pronounced; and during that time the opinion which the court may give as the grounds of its decision does not become a conclusive declaration of the law applicable thereto, but may be changed, modified, or set aside (see *Broder* v. *Superior Court,* 103 Cal. 121, [37 Pac. 143]), and consequently cannot be invoked in any other tribunal as evidence of those rights or obligations. Neither is the provision that

the judgment of said court shall become "final therein" upon the expiration of thirty days to be construed as rendering such judgment conclusive at that date of the rights of the parties. The effect of this clause is to take from the district court of appeal any further power to set aside or modify its judgment; but, under the preceding sentence of the section quoted above the supreme court, at any time within thirty days after the judgment shall have become "final therein," may still order the cause to be heard and determined by itself. Such an order will have the effect to set aside and vacate the judgment of the district court of appeal, and with it the value, as an authority, of the opinion upon which the decision was rendered. For the purpose of carrying this provision of the constitution into effect, and affording to litigants an opportunity to obtain the judgment of the supreme court in a cause decided by a district court of appeal, the supreme court has adopted the following rule, which, under the constitutional provision authorizing that court to adopt rules for the government of the district courts of appeal, is a measure of the rights of litigants in those courts, viz.: "Rule 34. When a judgment of a district court of appeal becomes final therein the *remittitur* shall not be issued until after the lapse of thirty days thereafter unless otherwise ordered." (144 Cal. lv.)

Formerly, when a writ of error was issued out of the house of lords to the court of king's bench, the original record was itself taken to that body with the return upon the writ, and the judgment of the house of lords was afterward entered upon this record with the recital that it is sent back—*remittitur*—to be carried into effect by the court of king's bench. In the meantime, and until the *remittitur* was entered in the latter court, the judgment was not under the control of that court or capable of being enforced by it. A similar procedure has prevailed in many of the jurisdictions of this country, even where the appellate jurisdiction has been exercised by means of an appeal instead of by a writ of error. In this state, and in many other jurisdictions, the original record remains in the court from which the appeal is taken, and a transcript thereof is filed with the appellate court for its consideration. By reason of these changes in procedure and in the mode by which

the appellate tribunal obtains jurisdiction to review the judgment of the lower court, and also by reason of the increased exercise of its appellate jurisdiction in modern days by controlling in advance the action of inferior courts, the word *"remittitur"* has received an additional meaning to that originally given to it, and, as used in the above rule, is the term employed to designate the judgment of the appellate tribunal which is authenticated to the court from which the appeal is taken or over which its controlling jurisdiction is exercised, and corresponds to the "mandate" used in the practice of the United States supreme court. The above rule is universal in its terms and applies to all judgments of the district courts of appeal, whether rendered in the exercise of their appellate jurisdiction or by virtue of their original jurisdiction exercised for the control or direction of the action of the superior courts. The constitution contains no provision authorizing the supreme court to grant a rehearing after a judgment has been rendered by it sitting in bank; but its authority to provide for a rehearing in a case where it has pronounced judgment, and to stay the issuance of a *remittitur* upon such judgment until after its decision upon a petition for rehearing, even where there is no constitutional provision on the subject, was very clearly and conclusively shown in the opinion of the chief justice in *Re Jessup*, 81 Cal. 408, [22 Pac. 742]. In that case the court, after rendering a judgment affirming the action of the lower court, granted a rehearing, and subsequently rendered a judgment reversing. the order appealed from. Its power to do this was challenged by the losing party; but its action was held to have been authorized by virtue of the principle that "it is one of the inherent powers of every appellate court to revise, to modify and to correct its judgments so long as they are under its control"; that for the purpose of enabling it to exercise this power it may temporarily stay the issuance of a *remittitur* upon the judgment; that its jurisdiction over a case when once obtained continues until its *remittitur* is regularly issued; and that while a case remains within its jurisdiction it may grant a rehearing after a judgment has once been pronounced. In *Grangers' Bank* v. *Superior Court*, 101 Cal. 198, [35 Pac. 642], it was held that the same prin-

ciple is applicable to judgments rendered by the supreme
court in the exercise of its original jurisdiction as well as
in the exercise of its appellate jurisdiction. It follows from
the foregoing principles that, until the *remittitur* upon the
aforesaid judgment given by this court on August 12th should
be entered in the superior court for Santa Cruz county, the
respondent was precluded from taking any judicial action in
the aforesaid case of *Noel* v. *Noel.*

The suggestion made at the hearing herein that, inasmuch
as no order had been made staying proceedings in the case
of *Noel* v. *Noel* when the writ of mandate was issued, the
respondent was at liberty to hear the motions, is not en-
titled to consideration. There were no proceedings in the
cause to be stayed except such as would be taken in pur-
suance of an order of court made by the respondent; and
the terms of the writ, wherein he was directed to "forthwith
secure the services of some other judge of another county
to preside at the trial of said action and of all proceedings
therein," are inconsistent with his retaining any authority
to exercise judicial action in the case, and of themselves
operated as a stay of all action by him therein. Permission
was impliedly given him by the terms of the writ to delay
a compliance with its directions until the return day thereof,
and on that day to show cause, if any he had, why the
writ should not be obeyed; but until this court should render
its judgment that such cause had been shown and such judg-
ment had become final the writ remained in full force; and,
although a further delay in complying with its directions un-
til the court should determine whether the cause shown by
him was sufficient would be excusable, he was during all this
time forbidden by the force of the writ from taking any
affirmative action in disregard of its terms. It would not be
contended for a moment that if, upon receipt of the writ
in June, or at any time before the return day, the respond-
ent had granted the motions then pending before him, or
had himself entered upon the trial of the cause, such con-
duct would not have been in direct and flagrant violation of
the writ and a contempt of the authority of this court. As
above shown, however, such action would be equally in
violation of the writ if taken at any time before the *remit-*
*titur* upon the judgment therein should be entered in the

superior court. In this connection it is not inappropriate to observe, although it has no bearing upon the decision herein, that, after this court had rendered its aforesaid judgment and since the hearing upon this citation, the supreme court ordered the application for the mandate to be heard and determined by itself, thus vacating the judgment rendered by this court and leaving the writ of mandate with the same effect as when originally issued. It must be held, therefore, that in making the order of August 25th appointing a day for hearing the aforesaid motions in said cause of *Noel* v. *Noel,* and declaring that on that day he would personally hear and dispose of the same, the respondent acted in disregard of the writ of mandate and in violation of the order of this court. But while we are compelled to hold that in this violation of the order of the court the respondent was technically guilty of contempt, we are at the same time satisfied that his action was the result of an erroneous interpretation of the terms of the writ and of the law applicable thereto, made by him in good faith, and that his action was not taken by reason of any disrespect to this court or with any intention to disobey its order; and for these reasons we are not inclined to visit his action with any penalty by way of punishment.

The citation and order to show cause herein are discharged.

Cooper, J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 9, 1905.