[Civ. No. 1731.   Third Appellate District.—March 15, 1918.]

## SUSAN M. REYNOLDS, Respondent, v. E. CLEMENS HORST COMPANY (a Corporation), Appellant.

APPEAL—STAY OF REMITTITUR—APPLICATION FOR CERTIORARI TO UNITED STATES SUPREME COURT—INHERENT POWER OF STATE APPELLATE COURT.—The district court of appeal has inherent power to grant an application for a stay of the issuance and transmission of a *remittitur* in order to permit the applicant, before execution of the judgment, to apply to the supreme court of United States for a writ of *certiorari* on a question involving jurisdiction.

APPLICATION originally made to the District Court of Appeal for the Third Appellate District for a stay of the issuance and transmission of the *remittitur* in order to permit application to Supreme Court of United States for a writ of *certiorari*.

The facts are stated in the opinion of the court.

Harrison & Harrison, H. P. Andrews, and W. A. Fish, for Appellant.

Frank Freeman, and James T. Matlock, for Respondent.

THE COURT.—This is an application by appellant for a stay of the issuance and transmission of the *remittitur* from this court to the superior court of the county of Tehama. The application is made in order that appellant, before execution of the judgment, may have an opportunity to apply to the supreme court of the United States for a writ of *certiorari*, it being contended that said superior court had no jurisdiction of appellant by reason of its residence in another state. The judgment of the lower court was affirmed by this court on December 28, 1917 (35 Cal. App. 711, [170 Pac. 1082]), and a petition for a rehearing was denied. On February 25, 1918, the supreme court denied a petition to have the cause heard by that court, and the judgment has therefore become final as far as the state courts are concerned.

There is no doubt this court has inherent power to grant the application. The same principle is involved as in the exercise of the power of courts of common law to temporarily

86 Cal. App.—34

stay execution of their judgments, whenever it was necessary to accomplish the ends of justice. (*Eaton* v. *Cleveland Ry. Co.*, 41 Fed. 421.)

Indeed, it is not disputed by counsel for respondent that the power exists. Attention is called to the fact that the supreme court has exercised control over *remittiturs* even after their issuance to prevent wrong and injustice. (*Trumpler* v. *Trumpler,* 123 Cal. 248, [55 Pac. 1008].)

Respondent, however, contends with much learning and the citation of numerous decisions of the United States supreme court that there is no substantial ground for the belief that said court will entertain the writ.

It has undoubtedly been decided by that tribunal that where, as herein, an action has been begun in a state court and then transferred to a federal court and by the latter remanded to the state court, an appeal or writ of error will not lie to the supreme court of the United States. However, it is the contention of appellant that the rule has been changed by an amendment passed by Congress, September 6, 1916, to the Federal Judicial Code [U. S. Comp. Stats. 1916, sec. 1214], and that the remedy of *certiorari* may be invoked.

We think appellant is in error, but courts do not always agree, and the supreme court of the United States might, of course, find merit in appellant's position.

At least, there is some room for candid disputation, and since it does not appear that respondent will suffer any injury by a short delay in the execution of the judgment, whereas appellant might suffer irreparable damage if the judgment should be carried into execution and thereafter the supreme court of the United States should hold that the superior court was entirely without jurisdiction, we think the application should be granted. It must be understood, though, that this court will not voluntarily extend the time allowed unless some extraordinary reason should appear. The *remittitur* will be stayed for thirty (30) days.