[S. F. No. 10931. In Bank.—January 10, 1924.]

## THE PEOPLE et al., Petitioners, v. THE DISTRICT COURT OF APPEAL et al., Respondents.

[1] CONSTITUTION — CONSTRUCTION—JURISDICTION.—The amendment of 1918 to article VI, section 4, of the constitution (Stats. 1918, p. 1956), readopting, without change, the same provisions with reference to the power and jurisdiction of district courts of appeal as were contained in the amendment of 1904 to said article, in effect adopted the interpretation theretofore placed thereon by the courts, which had construed the word "cause" to include original proceedings for *mandamus*.

[2] ID.—DISTRICT COURT OF APPEAL—ISSUANCE OF WRIT OF MANDATE —TIME.—The district court of appeal has no jurisdiction to issue its writ of mandate, in pursuance of a judgment rendered by it, until the expiration of sixty days from the judgment.

APPLICATION for a Writ of Prohibition to prevent issuance of a Writ of Mandate by the District Court of Appeal. Alternate writ ordered in force until certain date.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, Sloane & Sloane, Crouch & Sanders and F. G. Blood for Petitioners.

Jesse George for Respondents.

WILBUR, C. J.—The petitioner seeks a writ of prohibition to prevent the district court of appeal from issuing its writ of mandate in pursuance of an opinion rendered by that court November 24, 1923. An alternative writ of prohibition was issued, returnable January 8, 1924. The only question which this court considered worthy of consideration upon the application for the writ of prohibition was the question as to whether or not the district court of appeal should issue its writ of mandate before the expiration of sixty days from the rendition of its opinion and judgment. The respondents concede that under the opinion of the district court of appeal in *Noel* v. *Smith*, 2 Cal. App. 158 [83 Pac. 167], in which a rehearing was denied by this court, and under *dicta* in the decisions of this court (*In re Wells*,

174 Cal. 467 [163 Pac. 657]; *In re McCowan,* 175 Cal. 51 [170 Pac. 1100]), the respondents should not issue their writ of mandate until after the expiration of sixty days, but it is contended that these decisions are in conflict with the case of *In re Zany,* 164 Cal. 724 [130 Pac. 710], and it is, therefore, urged that we reconsider the question in the light of the argument advanced by respondents. We do not, however, consider the question an open one in this state. The decisions above referred to merely state the general rule of practice which has been followed in a multitude of cases since the adoption of the amendment to the constitution and is the settled rule of practice in this court. [1] The decision of *Noel* v. *Smith, supra,* was rendered within the first year after the organization of the district courts of appeal under the constitutional amendment of 1904 to article VI, section 4 (Stats. 1903, p. 737), and is, therefore, entitled to great weight in the construction of that amendment (*Knowles* v. *Yates,* 31 Cal. 82; 5 Cal. Jur., p. 603, sec. 36). The decision of this court in denying a rehearing in *Noel* v. *Smith, supra,* and *In re Wells,* 174 Cal. 467 [163 Pac. 657], were rendered before the amendment of 1918 to article VI, section 4 (Stats. 1918, p. 1956), to the constitution re-adopting the same provisions with reference to the power and jurisdiction of district courts of appeal. The re-adoption of these provisions without change in effect adopted the interpretation theretofore placed thereon by the courts, which had construed the word "cause" to include original proceedings for *mandamus* (*People* v. *Webb,* 38 Cal. 467; *Hyatt* v. *Allen,* 54 Cal. 353; *Morton* v. *Broderick,* 118 Cal. 474 [50 Pac. 644]; 5 Cal. Jur., p. 600, sec. 35).

[2] It follows that the district court of appeal had no jurisdiction to issue its writ of mandate until the expiration of sixty days from the judgment. The demurrer to the petition is overruled, and the alternative writ of prohibition will remain in force until and including January 23, 1924.

Lawlor, J., Kerrigan, J., Lennon, J., Seawell, J., Waste, J., and Myers, J., concurred.