[Civ. No. 7009.  Second Appellate District, Division One.—March 13, 1930.]

FRANK GUBIN et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Paul W. Schenck and Marcus L. Roberts for Petitioners.

Charles C. Montgomery, Ben C. Cohen and Sam Wolf for Respondents.

CONREY, P. J.—The petitioners have made application to this court for a writ of prohibition to prevent respondents

from enforcing an order which requires the petitioners to open, for inspection of their contents, certain safety deposit boxes. The proceedings in question have occurred in an action wherein Rhonie Gubin seeks to obtain a divorce from the defendant Frank Gubin. Oscar Gubin and Bertha Gubin are co-defendants of Frank Gubin in that action. Oscar is a brother of Frank and Oscar's wife Bertha is a sister of the plaintiff Rhonie Gubin. It is alleged in the complaint that a large amount of community property of plaintiff and her husband is held in the names of Oscar and Bertha Gubin, who are made defendants in order to obtain a complete adjudication of the plaintiff's alleged rights in said community property.

In said divorce action an order was made on August 9, 1929, requiring defendant Frank Gubin to make certain payments as alimony and attorney fees. The order was made pursuant to a stipulation. Thereafter the defendants, pursuant to notice given, moved the court to vacate said order of August 9th on the ground that the stipulation had been obtained by misrepresentation, fraud and deceit. The court having denied the motion, the defendants appealed to the Supreme Court and filed a stay bond in an amount fixed by the Superior Court. Thereafter the defendant Frank Gubin was ordered to appear and show cause why he should not be punished for contempt for not having paid the $250 per month alimony provided in the order of August 9th. In so far as the present proceeding is directed to the alleged right of respondents to enforce the order from which an appeal has been taken we shall assume that no writ of prohibition is necessary, since we are informed that in connection with the pending appeal to the Supreme Court that court has under consideration an application for *supersedeas,* and in connection therewith has granted a temporary stay of all proceedings in the matter of enforcement of said order of August 9th.

But there is another proceeding not included in said appeal and not included in said order of the Supreme Court. On October 3d plaintiff obtained from respondent court an order upon the defendant Frank Gubin to appear and show cause why he should not pay attorney fees, court costs and alimony pending appeal from order of August 9th. Upon the hearing of this matter and for the purpose

of determining what would be a reasonable amount which the defendant Frank Gubin should be required to pay for the stated purpose, the court entered upon an investigation of the amount of property and income of said defendant Frank Gubin. This investigation is being made under an order of reference to a commissioner to take testimony and to make report thereon to the court. The witnesses before the referee are the defendant Oscar Gubin and other persons. Some evidence has been introduced tending to prove (although the fact is disputed) that the defendants Frank Gubin and Oscar Gubin are and for many years have been partners in the jewelry business, and have been interested together in numerous real estate transactions, and that as a result of those activities large profits have been made and that a large amount of the profits belonging to Frank Gubin are concealed in the possession and under the name of Oscar Gubin. In the course of the examination of the witnesses it was shown that the defendants, or some of them, for the purpose of safekeeping of documents, have safety deposit boxes in banks in the city of Los Angeles. In order to proceed more satisfactorily with the examination of the witnesses, counsel for the plaintiff Rhonie Gubin demanded that said boxes be opened for their inspection Defendants having refused their consent to such inspection the application was reported to the court for its action. Thereupon the court by order of October 24, 1929, ordered the defendant Oscar Gubin to open these boxes in the presence of the court commissioner and counsel and the parties and that a list of the securities be taken that stand in the name of the parties defendant, except Bertha Gubin, wife of Oscar Gubin, it appearing that said Bertha Gubin is absent from the state and has not been served with process in said action. The court stated as follows: ''The order will be made clear, that it will affect only the boxes that stand in the name of the defendant Frank Gubin, or the defendant Oscar Gubin, or the defendants Frank Gubin and Oscar Gubin jointly or severally, with this further qualification that if incidentally the wife of Oscar Gubin may also be named as one of the parties having the right of access to any or all of those boxes, that that shall not affect the order that I have made as to the remaining two brothers.'' It has been admitted by counsel for the respond-

ent parties during consideration in chambers of the present matter, that one of the three boxes to which the above court order applies is held in the name of Oscar Gubin and that the other two boxes are held in the name of Frank Gubin and Oscar Gubin. The fourth box is excluded from the order because it is in the name of Rhonie Gubin, and she is not named as one of the parties having right of access to any of the other three boxes.

The Superior Court having made the order · as above stated and having manifested its intention to enforce the same, the petitioners now present this application for a writ of prohibition. In that behalf petitioners claim said order violates constitutional rights of petitioners and is wholly without the jurisdiction of said court.

The particular right upon which they rely is described in the constitutional provision against unreasonable seizures and searches, as stated in section 19 of article I of the Constitution of California. Under the protection of that section it has been held that in no case should a person be forced to surrender his private books and papers to another who does not claim to hold or have any interest in them, except upon convincing proof that such books or papers contain evidence which materially affects the rights in litigation of the person demanding them. In *Kullman, Salz & Co.* v. *Superior Court,* 15 Cal. App. 276 [114 Pac. 589], it appeared that there was pending in the Superior Court a divorce action of one Jean Kullman against her husband Jacob Kullman. In connection with her demand for an allowance for support and maintenance, the plaintiff made allegations similar to those made in the Superior Court as shown in the present proceeding, to the effect that certain of the defendants had entered into a combination and conspiracy for the purpose of concealing the property of the defendant husband, so as to prevent the plaintiff from obtaining the support and maintenance to which she was entitled. In connection with the action in the Kullman case there was an application for alimony *pendente lite,* etc. In the hearing thereon the court made a certain order, of a general nature, for the production of books and records, without identification of any particular book or record properly subject to examination in connection with the issue then before the court for determination. The court of

appeal held that the power of the court to compel the production of private books and papers can be exercised by the court only when the facts clearly and without question warrant it, and where those facts are produced through the instrumentality of competent evidence. The court said: ''There are, in other words, two essential facts which must be made to appear by clear and unequivocal proof as a condition precedent to the right of a court to require a person to deliver up for examination by a court his private books and papers, viz.: 1. That such person has a book or paper or document containing evidence material to the issue before the court; 2. That the precise book or paper or document containing such evidence be designated or so described as that it may be identified.''

In the case now pending in respondent court there is some evidence tending to prove the existence of certain certificates of stock, some of which stand in the name of Frank Gubin and which it is admitted are or may be in one of the safety deposit boxes. Apparently this is true of 225 shares of Standard Oil Company of Indiana, and an undetermined amount of shares of General Builders' Inc., a corporation. In accordance with the decision in the Kullman case, *supra*, and other decisions of similar import, we think that it is within the power of respondent court to require the production for inspection of those definitely identified certificates. The court would also have power, for the purposes of access to those certificates, to suspend the operation of its injunction against opening those boxes, so that under proper safeguards the particular certificates in question might be examined, in order that the information thereby obtained could be used, with the other evidence received, for the purpose of determining the amount of assets of Frank Gubin, so that an appropriate order may be made on the particular application for alimony which is now before that court. But respondent court by its order is attempting to go further. It is proposed to subject to examination by the court's commissioner and by the plaintiff or her counsel all of the contents of the safety deposit boxes specified in the order, without limitation to the particular certificates which have been identified and described. As plainly stated by counsel for appellant, they have asked that the defendants Oscar and Frank Gubin be required

474

"to open up the two joint boxes in the presence of the commissioner so that we may see what is in those boxes in the way of valuable papers." It was in conformity with this request that the court ordered that the boxes be opened in the presence of the court commissioner, counsel and the parties, "and that a list of the securities be taken that stand in the name of the party defendant here, excepting the wife of Oscar Gubin. . . . "

We are of the opinion that in making said order the court has exceeded its jurisdiction. Let the peremptory writ issue in terms conforming to the views herein expressed.

Houser, J., and York, J., concurred.