[Civ. No. 5724. Second Appellate District, Division One.—January 6, 1931.]

JAMES B. STOUT, Respondent, v. LYMAN FARWELL, Appellant.

D. A. Knapp for Appellant.

Lloyd S. Nix for Respondent.

CONREY, P. J.—By decision filed February 6, 1930 (103 Cal. App. 741 [285 Pac. 336, 286 Pac. 471]), the appeal in this case was dismissed, on the authority of another decision of same date in *Berg* v. *Traeger*, (Cal. App.) 285 Pac. 332. The ground of decision was that this court did not have jurisdiction of the appeal. (210 Cal. 323 [292 Pac. 415].)

In *Berg* v. *Traeger* a hearing before the Supreme Court was granted, and that court sustained the right of appeal, and decided that case on the merits of the appeal.

In this case of *Stout* v. *Farwell* there was no application for a hearing in the Supreme Court. The judgment of this court became final, and in due course, on April 7, 1930, the *remittitur* was sent down to the superior court.

Thereafter, on October 3, 1930, appellant filed his notice of motion for an order canceling, as void, the order of dismissal, and that the records of the action be returned to this court, and that the cause be restored to the calendar of this court for determination on the merits.

In accordance with said notice, the motion was presented to the court on the twenty-seventh day of October, 1930. As this was more than six months after the time of the order of dismissal, any possible right of appellant under section 473 of the Code of Civil Procedure may not successfully be asserted. (*Wheelock* v. *Superior Court*, 67 Cal. App. 601 [227 Pac. 931].) We are thus brought to the only question in the case. That question may be stated thus: When an appellate court erroneously dismisses an appeal, and such dismissal has been ordered upon the sole ground that the court is without jurisdiction of the appeal, is the order void upon its face, and may the court thereafter and at any time, however remote, determine such appeal upon the merits, notwithstanding that the order of dismissal was made, as stated?

We think that when a court of appeal, or the Supreme Court, in an appeal pending before it, judicially determines (however erroneously), that the court is without jurisdiction, and thereupon dismisses the appeal, and such order

becomes final by lapse of time, the decision so made becomes the law of the case. In this case if, within the time allowed by law, appellant had applied to the Supreme Court for a hearing, and that court had denied the petition, its decision so made would have been the law of the case; and this result would not be disregarded merely because at a later date and in another action the Supreme Court decided that, under conditions precisely like those upon which this court acted in this case, the court had jurisdiction of the appeal.

If the foregoing conclusion be accepted, as relating to a case in which a hearing was denied by the Supreme Court, the same conclusion should apply where, as in the case at bar, the decision of this court was allowed to become final, to the point where the *remittitur* was sent down, without any application made for a hearing in the Supreme Court.

It further appears, by suggestion made on the argument of the motion, that appellant made application to the Supreme Court for a writ of mandate to require this court to assume jurisdiction of the appeal in this case, which application was denied. Counsel stated that the refusal was on the ground that a writ of mandate will not lie to a District Court of Appeal. But in this we think that counsel is mistaken; for in at least one instance the Supreme Court issued a writ of prohibition to this court. (*People* v. *District Court of Appeal*, 193 Cal. 19 [222 Pac. 353].) If prohibition, then why not mandate, in a proper case?

The motion is denied.

Houser, J., and York, J., concurred.