[Civ. No. 11026. Second Appellate District, Division Two.—September 8, 1936.]

SEVERNS DRILLING COMPANY, LTD. (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Chandler, Wright & Ward, Jefferson P. Chandler, Howard W. Wright, Roland G. Swaffield and John F. Gilbert for Petitioner.

Lawler & Felix, Oscar Lawler, Everett W. Mattoon, County Counsel, and Douglas DeCoster, Deputy County Counsel, for Respondents.

GOULD, J., *pro tem.*—This is an application for a stay of the issuance and transmission of the *remittitur* from this court to the superior court.

Severns Drilling Company, Ltd., commenced the drilling of an oil well on August 23, 1933. Standard Oil Company of California commenced an action against Severns Drilling Company, Ltd., on or about December 13, 1935, asking for an accounting and an injunction, alleging that the Severns company had intentionally deflected its oil well into lands held under lease by the Standard company. Upon the petition of the Standard company the superior court on May 15, 1936, issued an order permitting the making of the survey by plaintiff of the oil well of the Severns company and for this purpose permitted a derrick to be erected and the tubing removed from the well, which at all times has been and is a producing well. Thereupon the Severns company filed in this court a petition for a writ of *certiorari* asking that the order for the survey be annulled on the ground it is in violation of the provisions of the Fourteenth Amendment to the Constitution of the United States in that as claimed, it constitutes the taking of the property of the Severns company without compensation and without due process of law. This court issued an alternative writ on May 18, 1936, requiring the respondent court to certify to this court its records in the matter and ordering the superior court to show cause why it should not be restrained from enforcing the order for the survey. On July 8, 1936, this court denied the petition of the Severns company and va-

cated the alternative writ. On August 27, 1936, the Supreme Court denied a petition of the Severns company for a hearing before that tribunal.

 That the petition for a stay of the issuance of the *remittitur* may be granted for the purposes set forth in the petition of the Severns company, to wit, to enable it to make application to the Supreme Court of the United States, is established by the case of *Reynolds* v. *E. Clemens Horst Co.*, 36 Cal. App. 529 [172 Pac. 623], wherein the court stated: ''There is no doubt this court has inherent power to grant the application.'' Respondent presents the question whether a *remittitur* should be issued by this court in proceedings originally instituted in this court to annul proceedings in the superior court. The question is answered in *Noel* v. *Smith*, 2 Cal. App. 158 [83 Pac. 167], wherein the court stated: ''The word *'remittitur'* has received an additional meaning to that originally given to it, and, as used in the above rule, is the term employed to designate the judgment of the appellate tribunal which is authenticated to the court from which the appeal is taken or over which its controlling jurisdiction is exercised, and corresponds to the 'mandate' used in the practice of the United States Supreme Court. The above rule is universal in its terms and applies to all judgments of the District Courts of Appeal, whether rendered in the exercise of their appellate jurisdiction or by virtue of their original jurisdiction exercised for the control or direction of the action of the superior courts.''

The petitioner having filed an undertaking in the sum of $5,000, to guarantee the Standard company against loss on account of the issuance of this order, it is therefore ordered that the issuance and transmission of the *remittitur* be stayed for the period of 30 days from this date, and in the event the petition for a writ of *certiorari* to be made by the petitioner herein be docketed in the clerk's office of the Supreme Court of the United States on or before said date, then the *remittitur* of this court is to be stayed until after the said Supreme Court passes upon the said petition.

Wood, J., concurred.

CRAIL, P. J., Dissenting.—I am against the issuance of any new order. This case is not before us on appeal. It

came to us as an original proceeding. We issued our alternative writ of prohibition to show cause why an order of the trial court should not be annulled, and stayed the execution of the trial court's order until the hearing. At the hearing we discovered that the alternative writ should never have been issued, and we not only denied a peremptory writ but we quashed and discharged the alternative writ (*Severns Drilling Co., Ltd.*, v. *Superior Court*, 15 Cal. App. (2d) 281 [59 Pac. (2d) 593]), thus undoing what we had done and leaving the situation as if we had never touched it. The order of cancellation and discharge was self-executing. No *remittitur* was necessary and none was expected. The trial court was the party defendant. It appeared before us, fully represented by counsel, in an original proceeding which was not pending in the trial court. As it was not pending there, no *remittitur* was necessary to be sent there.

It was for these reasons no doubt that our Supreme Court on June 22, 1936, at which time a petition for hearing in that court was filed, issued its order of *supersedeas*. Such order was necessary to preserve the *status quo* while the Supreme Court reviewed the matter.

From the above considerations it is apparent that our so-called stay of a *remittitur* would be an idle act; that if a stay of the trial court's order is issued it should be by the Supreme Court, which was the last court to review the matter, making first an order of *supersedeas* and later denying the petition for hearing in the Supreme Court and ordering a discharge of its writ of *supersedeas;* or better, the stay, if any, should be issued by the trial court, which at this time is under no restraint from higher courts, or by the Supreme Court of the United States.

Furthermore, if the petition for a stay of *remittitur* is to be taken seriously, then we must not overlook the fact that respondent has filed an answer to the petition in which it has alleged facts setting up the defense of bad faith on the part of petitioner and that the petition is for delay only. The issuing of a stay order is discretionary with this court, and the respondent is entitled to a trial on the issues of fact which are raised in the answer before the order may fairly be issued.

Finally, if an order of stay is made it should extend only for thirty days, a sufficient time for the Supreme Court of

the United States to issue an order of stay on its part, and not the order which is being made by the majority of this court.