CURTIS, J.
 

 Alexander C. McMillan, the then owner of two-fifteenths of a certain trust estate, on June 8, 1929, executed and delivered to the defendant Marshall Nuckolls, his promissory note for $63,000 and interest at 10 per cent per annum, payable semi-annually, and to secure the payment of the same executed a written assignment to said Marshall Nuckolls of said two-fifteenths of said trust estate. On November 21st of the same year, said Alexander C. McMillan executed and delivered to said Marshall Nuckolls, a second promissory note in an amount of $5,000 and interest, and secured the payment of the same by a further assignment of said two-fifteenths of said trust estate. Thereafter the said Marshall Nuckolls executed and delivered to plaintiff,
 
 *269
 
 Anna B. Nuckolls, his promissory note for $30,000 and interest, and assigned to said Anna B. Nuckolls said promissory note for $63,000 for the purpose of securing the payment of said promissory note for $30,000 and interest. Thereafter said Marshall Nuckolls made a second assignment of said $63,000 note to the defendant, Maurice R. Carey, as trustee to secure the payment of the claims of certain creditors of the said Marshall Nuckolls. Thereafter the said Alexander C. McMillan made a second assignment of said two-fifteenths of said trust estate to secure a promissory note of $1,000 which at the date of the commencement of this action was held and owned by defendant George L. Crabtree. The said Marshall Nuckolls also assigned said promissory note of $5,000 of date, November 21, 1929, executed by Alexander C. McMillan, to the First National Bank of Pleasanton to secure his promissory note of $3,110 given to said bank. Default was made in the payments due on said $63,000 note and by reason of said default this action was commenced by the said Anna B. Nuckolls to enforce payment of said promissory note and to foreclose the lien given to secure the same. The Bank of California, National Association, was made a party defendant in said action for the reason only that it was the trustee of the estate, two-fifteenths of which was given as security for the $63,000 note. Marshall Nuckolls, Maurice R. Carey, as trustee, the First National Bank of Pleasanton, and George L. Crabtree, as well as others not necessary to mention were also named as defendants in said action. The four last-named defendants appeared in said action and by proper pleadings set forth their respective claims of lien against said two-fifteenths of said trust estate. The defendant, Maurice R. Carey, as trustee, also filed a cross-complaint in which he sought to establish and foreclose his lien, as trustee, against the two-fifteenths of said trust estate. Judgment was rendered in favor of plaintiff and the answering defendants in which their respective rights as lien claimants against said two-fifteenths of said trust estate were determined, based upon the priority of their respective claims against said trust estate as hereinbefore set forth. In said judgment it was decreed that the lien of defendant George L. Crabtree against said trust estate was subsequent and subordinate to the claim of defendant Marshall Nuckolls and all persons claiming under him. Crabtree appealed from said judgment, but his appeal was subsequently dismissed. This action was com
 
 *270
 
 menced on October 10, 1933, and the judgment therein was rendered on January 17, 1935. Alexander C. McMillan was a defendant in said action and appeared therein and filed an answer to plaintiff’s complaint and alleged therein that the promissory note executed by him to the defendant Marshall Nuckolls was usurious, and claimed that a substantial deduction should be made from the face of said note by reason of the fact that said note was tainted with usury. Before the trial of said action, the defendant, Alexander C. McMillan, changed the attorneys acting for him in said action, and at the trial through his attorneys thus substituted, waived all defenses to said action including the defense of usury, and made no further appearance in said action. After the trial of said action and before the entry of judgment therein, certain creditors of Alexander C. McMillan filed a petition to have said McMillan declared a bankrupt. This petition was filed on December 14, 1934. Upon this petition the said McMillan was on April 5, 1935, adjudged a bankrupt and on May 21, 1935, the respondent herein M. C. Symonds was elected trustee of the estate of said bankrupt and subsequently qualified as such trustee, and was by order of the United States District Court in which said bankruptcy proceedings were pending directed to appear in the present action on behalf of the creditors of said bankrupt. Thereafter and on July 15, 1935, said trustee moved the trial court to vacate said judgment and permit the trustee to file an answer and cross-complaint in said action. The motion to vacate the judgment was granted on November 8, 1935, and on November 20, 1935, an order was made approving the filing of the answer and cross-complaint of the trustee in bankruptcy. An appeal was taken from each of these orders by plaintiff Anna. B. Nuckolls, and defendants, Marshall Nuckolls, and Maurice R. Carey, trustee. These same parties appealed from an order made on December 12th denying the motion of plaintiff Anna B. Nuckolls, and defendants Marshall Nuckolls, and Maurice R. Carey, as trustee, to vacate the two orders dated respectively, November 8 and November 20, 1935. A further appeal was taken by the same parties from an order dated December 27, 1935, modifying or amending the order dated November 8, 1935. The appeal from the order of December 12th denying motion to vacate the two orders of date respectively November 8 and November 20, 1935, is dismissed as no appeal will lie from an order
 
 *271
 
 refusing to vacate a judgment or order which is itself appeal-able.
 
 (Estate of Baker,
 
 170 Cal. 578 [150 Pac. 989].) The order of November 8, 1935, being an order made after judgment is appealable. (Sec. 963, Code Civ. Proc.;
 
 Butler
 
 v.
 
 Soule,
 
 124 Cal. 69 [56 Pac. 601];
 
 Storke
 
 v.
 
 Storke,
 
 111 Cal. 514 [44 Pac. 173].) The orders of November 20, 1935, and December 27, 1935, respectively, are merely supplementary to the order of November 8, 1935, and if the latter order may be sustained, it will follow as a matter of course that the two other orders were properly made. This is particularly so in the present instance as the appellants make no specific objections to the two later orders, that are not made to the earlier order. Therefore we shall confine our discussion of the issues on this appeal to the order of November 8, 1935, vacating the judgment in this action and permitting the respondent, M. C. Symonds, as trustee in bankruptcy, to file an answer and cross-complaint in this action. The two subsequent orders will stand or fall depending entirely upon the fate meted out to the prior order of November 8, 1935.
 

 It is contended by appellants in the first place that, as an appeal had been taken from said judgment by defendant Crabtree, the trial court had no jurisdiction over said
 
 action;
 
 that the appeal from said judgment transferred the entire cause to the Supreme Court and that the order of the trial court vacating said judgment was void for that reason. However, it appears from the record that the appeal from said judgment was dismissed on the 12th day of -July, 1935, with directions that the
 
 remittitur
 
 issue forthwith, and that the
 
 remittitur
 
 was actually filed in the office of the clerk of the trial court on the following day. As the motion to vacate judgment was not made until July 15, 1935, and was not granted until November 8, 1935, it thus appears that the motion to vacate judgment and the order granting the same were made after the filing of the
 
 remittitur
 
 in the trial court at which time the jurisdiction of the Supreme Court over the action had ceased and the same was revested in the trial court.
 
 (Fischer
 
 v.
 
 Lukens,
 
 41 Cal. App. 358 [182 Pac. 967];
 
 Herrlich
 
 v.
 
 McDonald,
 
 83 Cal. 505 [23 Pac. 710];
 
 Adams
 
 v.
 
 Dohrmann,
 
 63 Cal.
 
 417; Granger
 
 v.
 
 Sheriff,
 
 140 Cal. 190, 195 [73 Pac. 816].) Upon this subject we find the following explicit statement in the case last cited, “When the
 
 remittitur
 
 is filed with the clerk ‘with whom the judg
 
 *272
 
 ment roll is filed’ the jurisdiction of the superior court reattaches. ’ ’
 

 The further contention is made by appellants that the court had no jurisdiction to entertain the motion of the trustee to set aside the judgment theretofore rendered in said action and to permit said trustee to file an answer in said action under section 473 of the Code of Civil Procedure, or under any other provision of law, for the reason that the judgment as against Crabtree had, upon the dismissal of the appeal of Crabtree, become final, and immune from attack by any person or for any reason whatsoever. Upon the dismissal of Crabtree’s appeal, the judgment as between him and the other parties to the action became final, and, as to the parties to said appeal, the judgment was immune from further attack, but the status or effect of that portion of the judgment determining the rights of Crabtree was after such dismissal no different from that of the balance of said judgment determining the rights of the other parties in said action. The time for an appeal or motion for a new trial had then expired and the judgment as a whole had become final. The court had the same jurisdiction to entertain a motion to set aside the judgment determining Crabtree’s rights as it had to entertain said motion respecting the other parties to said judgment. The authorities cited by appellants in support of this contention are beside the mark as they are predicated on a false premise. In citing them appellants assume that the Crabtree portion of the judgment is immune from attack under section 473 of the Code of Civil Procedure, or under any other provision of law, which assumption, as we have shown, is not the case.
 

 Equally untenable is the contention of the appellants that the trustee, not being a party to said action, could not apply for relief under section 473 of the Code of Civil Procedure, and, therefore, was without any right to move the court to set aside the judgment and permit him to appear therein and contest the claims of the appellants. The motion made by the trustee was on much broader grounds than those stated in section 473 of the Code of Civil Procedure. As grounds for the granting thereof, the notice specified not only inadvertence and mistake but that the trustee was a necessary party to said action; that the judgment was fraudulent; and that the trustee had a meritorious defense to the action. While strictly speaking, according to the terms of section
 
 *273
 
 473 of the Code of Civil Procedure, only a party to an action may avail himself of the privileges accorded under this section, there is no such limitation placed upon motions made upon other grounds stated in said notice of motion. Under the authority of
 
 Hammond Lumber Co.
 
 v.
 
 Gilkey,
 
 120 Cal. App. 252 [7 Pac. (2d) 724], we think the trial court properly entertained said motion, and the granting thereof was the equivalent of an order making the trustee a party to said action.
 
 (Syvertson
 
 v.
 
 Butler,
 
 3 Cal. App. 345 [85 Pac. 164].) Sections 473 and 389 of the Code of Civil Procedure are remedial provisions and should receive a liberal construction in order to dispose of causes upon their substantial merits.
 
 (Nicoll
 
 v.
 
 Weldon,
 
 130 Cal. 666, 667 [63 Pac. 63];
 
 Melde
 
 v.
 
 Reynolds,
 
 129 Cal. 308, 311 [61 Pac. 932].)
 

 A further point raised by appellants is that the defense of usury is not available to a trustee in bankruptcy. This contention has been the subject of a number of decisions both in the federal and state courts, and in every instance to which our attention has been called it has been decided adversely to the position of the appellants in the instant case. In Remington on Bankruptcy it is stated that the trustee in bankruptcy may plead usury although this defense is usually said to be one purely personal to the debtor. (4 Remington on Bankruptcy, 4th ed., p. 258.) In Corpus Juris (66 C. J., p. 320), we find the following statement of the rule: “It has been held and recognized that an assignee or trustee in bankruptcy acquires the bankrupt’s right to protect the estate against usurious claims, and, in the absence of a statute providing otherwise, he may plead usury to claims against the bankrupt’s estate, or bring suit to recover back usurious interest paid, or to recover securities pledged by the bankrupt to secure a usurious loan. ’ ’ The text of the two publications just cited is supported by the following cases:
 
 In re Stern,
 
 144 Fed. 956;
 
 Teshner
 
 v.
 
 Roome,
 
 106 Or. 382 [210 Pac. 160, 212 Pac. 473];
 
 Loganville Banking Co.
 
 v.
 
 Forrester,
 
 17 Ga. App. 246 [87 S. E. 694];
 
 In re Kellogg,
 
 113 Fed. 120;
 
 In re Kellogg,
 
 121 Fed. 333;
 
 In re Miller,
 
 118 Fed. 360;
 
 In re Samuel Wilde’s Sons,
 
 133 Fed. 562.
 

 We deem it unnecessary to pass upon the contention of the appellant that the application of the trustee did not show any fraud upon the court or upon any of the parties to the action, for the reason that we are convinced that the
 
 *274
 
 trustee was a proper party to the action, and that being so, it was within the discretion of the court to set aside the judgment and permit him to defend the action on behalf of the estate of the bankrupt. In support of this conclusion, the record shows that the petition in bankruptcy was filed while the action was pending and before judgment was rendered, although the order adjudicating McMillan a bankrupt was made after judgment was rendered. The title to the bankrupt’s property vested in the trustee and reverted back to the date of the filing of the petition in bankruptcy, and not on the date the debtor is adjudicated a bankrupt.
 
 (Everett
 
 v.
 
 Judson,
 
 228 U. S. 474 [33 Sup. Ct. 568, 57 L. Ed. 927, 46 A. L. R. (N. S.)
 
 154]; Bailey
 
 v.
 
 Baker Ice Machine Co.,
 
 239 U. S. 268 [36 Sup. Ct. 50, 60 L. Ed. 275];
 
 Martin
 
 v.
 
 Commercial Nat. Bank,
 
 245 U. S. 513 [38 Sup. Ct. 176, 62 L. Ed. 441];
 
 Isaacs
 
 v.
 
 Hobbs Tie & Timber Co.,
 
 282 U. S. 734 [51 Sup. Ct. 270, 75 L. Ed. 645];
 
 Noyes
 
 v.
 
 Bank of Italy,
 
 206 Cal. 266, 270 [274 Pac. 68].) The facts in the present case are in principle very similar to those in the case of
 
 Hammond Lumber Co.
 
 v.
 
 Gilkey, supra,
 
 except that the trustee there was not relying on usury as a defense. As we have held that the defense of usury is available to the trustee, that element of dissimilarity is not material. The two cases are alike in that they involve the right of the trustee under the facts stated to have the judgment set aside and permission given him to file an answer in the action. The Hammond case was an action to foreclose mechanic’s liens against property belonging to two defendants who were served with process and their defaults for failure to answer the complaint were regularly entered. Prior to the entry of said defaults, petitions in bankruptcy had been filed against each defaulting defendant. .Thereafter they were adjudicated bankrupts and a trustee of their estate was elected. He failed to make any appearance in the action, and some three months thereafter judgment of foreclosure was entered in the action. After the entry of the judgment the trustee moved to set aside the same and permit him to file an answer in the action. His motion was granted, and on appeal the order granting the motion was affirmed. We find the following pertinent statements in the opinion in that case which we think are applicable to the facts in the present case: The plaintiff was asserting a lien on real property, title to which, subject to whatever lien plaintiff might establish,
 
 *275
 
 had vested in the defendant trustee, and it seems to us that the trustee in bankruptcy should have the right to be heard in this matter as long as the property on which the lien is impressed by the judgment had not actually been sold under execution and was still under the jurisdiction of the trial court.” . . . “It has also been held that a trustee in bankruptcy may assert or contest claims or rights to property, maintain or defend proceedings under circumstances where the bankrupt himself would not be at liberty to act.
 
 (In re Kesler,
 
 186 Fed. 127 [108 C. C. A. 239].) In
 
 Dambmann
 
 v.
 
 White,
 
 48 Cal. 439, which is a case relative to the power and capacity of an assignee in bankruptcy to recover the assets of the bankrupt under the old law, it is said: ‘Whatever right the bankrupt had is assigned to and vests in the assignee, who thereby becomes, for the purpose of maintaining and defending suits “possessed as of his own property” of the estate assigned to him. It is true he holds the title and property when recovered in trust for certain purposes specified in the statute. But as between him and a stranger he holds the title, and may assert it in the same form of action as though he owned the fee.’ ” In that case the court quoted with approval the following statement of the law from the case of
 
 First Nat. Bank of Sioux City
 
 v.
 
 Flynn,
 
 117 Iowa, 493 [91 N. W. 784, 785]: “ ‘Plaintiff contends that as Flynn, trustee, did not file his motion and answer until the next term after the default was granted, he was not entitled to relief (Code sec. 3790) . . . the trustee’s application was not an ordinary motion to set aside a default, which could be made only by a defendant against whom the default was rendered, but was in reality an intervention in behalf of the creditors of the bankrupt’s estate to contest plaintiff’s claim and its right to a lien. That the state court had the inherent power to entertain such application, so long as the case was pending before it cannot be doubted.
 
 (Heath
 
 v.
 
 Shaffer,
 
 [D. C.] 93 Fed. 647.)’ ”
 

 The fact that in the present case the property involved may be personal property, while in the cited case the property was real estate, does not affect the right of the trustee to contest the liens of appellants. In either case the trustee holds the legal title to the encumbered property subject to valid liens against it.
 

 The excerpts from the decision of the Iowa Supreme Court also afford a further answer to appellants’ contention that
 
 *276
 
 the trustee’s motion to vacate the judgment was improperly granted for the reason that he was not a party to the action and did not therefore bring himself within the terms of section 473 of the Code of Civil Procedure.- As already stated by us, the motion of the trustee was broader than the ordinary motion under said section, as it was based upon other grounds than those specified in said section. It was, in some respects, as stated by the Supreme Court of Iowa, in the nature of an application or petition in intervention on behalf of the bankrupt’s estate to contest the claims of the appellants and their right to liens against property belonging to the bankrupt estate.
 

 The motion in the Hammond Lumber Company case,
 
 supra,
 
 was not granted on any ground of fraud, but upon the sole ground that the trustee was the owner of the property subject to valid liens against it, and therefore he was a proper party to an action brought to foreclose said lien. In the present action the situation of the parties was in practically all material respects the same as that in the case just cited. While the trustee in the.instant action based his motion to set aside the judgment in part on the ground of fraud, he also indicated in his motion as a ground for granting the same that he was a necessary party to the action. The trial court granted the motion apparently upon all grounds upon which it was based. If any of such grounds furnished a legal reason supporting the order of court, the action of the court in granting the order must be sustained. If there is any doubt as to the trustee being a necessary party to said action, we have no hesitancy in holding that he was a proper party thereto. As before stated, he was vested with the title to the property subject to whatever liens the other parties to said action had against said property. It was his duty-to defend against said liens if he had good cause to believe any of them was invalid in whole or in part. At least under this situation it was within the discretion of the trial court to grant the motion of the trustee' under the facts stated herein. Even if the motion was made upon the ground that the trustee was a necessary party, it was within the power of the court under such a motion to grant the same upon a lesser ground—that is, upon the ground that he was a proper party.
 

 A considerable portion of the briefs of the parties hereto and those of certain
 
 amici curiae
 
 filed herein was devoted to the question as to whether the Usury Law enacted
 
 *277
 
 by vote of the people, November, 1918, under the initative provision of the Constitution of this state had been repealed by the adoption of article XX, section 22 of said Constitution. This question has been given consideration by this court in the ease of
 
 Penziner
 
 v.
 
 West American Finance Co., ante,
 
 p. 160 [74 Pac. (2d) 252], In our decision of the appeal in that case, we held that by the adoption of said section of the Constitution the Usury Law of 1918 had not been repealed, but that all the provisions of said Usury Law not in conflict with the provisions of said constitutional amendment were in full force and effect. It is not necessary to repeat here the discussion and our conclusion contained in our opinion in the case of
 
 Penziner
 
 v.
 
 West American Finance Co., supra.
 

 Finally the appellants contend that a full and complete trial of the action was held at which all matters and issues were fully presented and determined by the trial court. It is true that upon the hearing before the trial court after the entry of the default of the defendant Alexander C. McMillan evidence was given in minute detail as to the several sums of money advanced by the said Marshall Nuckolls to the said Alexander C. McMillan and for the use and benefit of the latter and as to certain sums of money due from Alexander C. McMillan to the said Marshall Nuckolls for legal services. The aggregate amount of these several sums of money was shown to be the sum of $63,000 and upon such evidence the court found that the said Alexander C. McMillan “borrowed and received from defendant, Marshall Nuckolls, the sum of sixty-three thousand dollars ($63,000), which said sum the defendant, Alexander O. McMillan, did then and there promise to pay to said defendant, Marshall Nuckolls, according to the terms and provisions of a certain promissory note” (here follows a description of the promissory note which is the subject of this action). But this trial, if it can be called such, was practically an
 
 ex parte
 
 hearing with no one to represent the bankrupt or his estate. While the evidence as appears in the record is most convincing in support of the finding of the trial court, yet the same judge who presided at the hearing after default and signed the findings also heard and granted the motion of the trustee to set aside the judgment rendered by him upon said findings. The judge having heard the evidence introduced at the “full and
 
 *278
 
 complete trial”, was in a much more advantageous position than this court to pass upon the subsequent motion to set aside the judgment rendered as a result of such “trial”.
 

 While other points are made and reasons advanced for a reversal of the judgment, they are not of sufficient substance to justify a detailed answer, and for that reason will not he further discussed. They are without merit, and present no legal reason for a reversal of any of the orders appealed from.
 

 The appeal from the order of date, December 12, 1935, is dismissed; and the other three orders appealed from, are, and each of them is, affirmed.
 

 Langdon, J., Shenk, J., Seawell, J., Edmonds, J., and Waste, C. J., concurred.
 

 Rehearing denied.