[No. B022120. Second Dist., Div. Three. Jan. 28, 1988.]

JEROME B. ROSENTHAL et al., Plaintiffs and Appellants, v. WENDY COLE WILNER et al., Defendants and Respondents.

**COUNSEL**

Leon Small for Plaintiffs and Appellants.

Haight, Dickson, Brown & Bonesteel, Michael J. Bonesteel, Roy G. Weatherup, Peter Q. Ezzell, Michael M. McCarthy and Rita Gunasekaran for Defendants and Respondents.

## Opinion

## ARABIAN, J.—

### Introduction

Jerome B. Rosenthal; Rosenthal & Norton; Rosenthal, Cook & Green; Rosenthal Green & Leon and Rosenthal & Leon (collectively referred to as Rosenthal) appeal from the judgment based on the order of dismissal of the action against Wendy Cole Wilner (aka Wendy Cole Lascher), Edward L. Lascher, Law Offices of Edward L. Lascher, and Lascher & Wilner (a professional corporation) (collectively referred to as the Laschers) for alleged misconduct in their appellate representation of Rosenthal in the case of *Day* v. *Rosenthal*.[1] The superior court dismissed the complaint because it was not brought to trial within six months from the termination of the stay ordered by this division of the Court of Appeal, pending resolution of the appeal of the underlying action, *Day* v. *Rosenthal, supra*.

Rosenthal contends that pursuant to Code of Civil Procedure section 583.350 the five-year statute (Code Civ. Proc., § 583.310) did not run until six months from the date the United States Supreme Court denied Rosenthal's petition for writ of certiorari.[2]

The Laschers contend that the stay ended when the Court of Appeal issued the remittitur on the *Rosenthal* v. *Day* appeal, and dismissal was

---

[1] *Day* v. *Rosenthal* (1985) 170 Cal.App.3d 1125. [217 Cal.Rptr. 89] This case was one of 13 cases consolidated and litigated in the superior court by the title of the lead case, Samet v. Day, Los Angeles Superior Court No. C 938682.

[2] Code of Civil Procedure section 583.310 provides: "An action shall be brought to trial within five years after the action is commenced against the defendant."

Code of Civil Procedure section 583.340 provides: "In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed: [¶] (a) The jurisdiction of the court to try the action was suspended.[¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile."

Code of Civil Procedure section 583.350 provides: "If the time within which an action must be brought to trial pursuant to this article is tolled or otherwise extended pursuant to statute with the result that at the end of the period of tolling or extension less than six months remains within which the action must be brought to trial, the action shall not be dismissed pursuant to this article if the action is brought to trial within six months after the end of the period of tolling or extension."

Code of Civil Procedure section 583.360 provides: "(a) An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article. [¶] (b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute." (Added by Stats. 1984, ch. 1705, § 5.)

mandatory when the case was not brought to trial within six months of that date. The Laschers also contend that, if the dismissal was not proper pursuant to the five-year statute, this court should affirm the dismissal on the ground that the trial court should have granted summary judgment, particularly in view of the "law of the case" doctrine.

We have concluded that the stay terminated upon the denial of Rosenthal's petition for writ of certiorari to the United States Supreme Court and therefore reverse the judgment and remand the case to the superior court for further proceedings.

### STATEMENT OF FACTS

On March 31, 1975, a judgment was rendered against Rosenthal, an attorney, and related law firms in favor of Doris Day for more than $26 million, upon finding Rosenthal liable for legal malpractice, breach of fiduciary duty, fraud and abuse of process. (*Day* v. *Rosenthal, supra,* 170 Cal.App.3d 1125, 1133.) The Laschers were retained by Rosenthal's liability insurers to represent Rosenthal in the appeal of that judgment. In August 1977 the insurers and Day entered into a settlement in which, in general, the judgment against Rosenthal would be satisfied. Thereafter the Laschers withdrew from their representation of Rosenthal, with the permission of the Court of Appeal, and the appeal was prosecuted by an attorney of Rosenthal's own choice. Briefing was held in abeyance to permit Rosenthal time to institute a declaratory relief action to determine the duty, if any, of the insurers to provide him with counsel on appeal. (See *Rosenthal* v. *Irell & Manella* (1982) 135 Cal.App.3d 121, 123-124 [185 Cal.Rptr. 92].)[3]

On January 9, 1979, while the *Day* appeal was pending, Rosenthal filed this action against the Laschers for malpractice, intentional infliction of emotional distress and breach of fiduciary duties. The second amended complaint alleges the following: The settlement agreement between Day and the insurers purports to free the insurers from their obligation to provide Rosenthal with appellate counsel, leaves him monetarily liable for some portions of the judgment not satisfied by the agreement and leaves untouched the findings of fact and conclusions of law which brand Rosenthal "a serious tortfeasor." The Laschers failed to exercise reasonable care and skill by withholding knowledge of the existence of the settlement negotiations until about four months after such negotiations had resulted in a signed settlement agreement, by participating in the negotiations and failing to protect Rosenthal's rights, by ceasing to render services before the Court

---

[3] The Court of Appeal ultimately affirmed the judgments against Rosenthal. (*Day* v. *Rosenthal, supra,* 170 Cal.App.3d 1125, rehg. den. Sept. 6, 1985, review den. Oct. 16, 1985.)

of Appeal granted permission to do so, against Rosenthal's objections, failing to read the record and failing to prepare an appellate brief or supply Rosenthal with their "work product." He claims that the Laschers' behavior resulted in damages including loss of reputation and professional standing, loss of earnings, attorneys' fees and mental and emotional distress.

On October 15, 1983, the superior court denied the Laschers' motion for summary judgment and alternative motion to stay this action pending determination of the *Day* appeal. The Laschers petitioned this court for a writ of mandate to compel the superior court to stay all proceedings and on November 29, 1983, this division issued a temporary stay order, and an alternative writ of mandate. (*Wilner* v. *Superior Court.*) In its opinion issued on March 15, 1984, this court directed the superior court to vacate its denial of the motion for a stay and make a new and different order granting the stay "pending resolution of the *Samet* v. *Day* appeal."[4] The court reasoned, "Proximate causation and damages cannot be ascertained until the resolution of the *Samet* v. *Day* appeal." ". . . [I]rrespective of whether Rosenthal can establish that the Laschers negligently represented him, he cannot successfully prove that their negligence was the proximate cause of the damages he allegedly sustained until the merits of the *Samet* v. *Day* appeal have been resolved. [¶] Although Rosenthal asserts that the Laschers' negligence has delayed his ultimate vindication, Rosenthal cannot prove this unless and until the *Samet* v. *Day* appeal has been decided in his favor. However, if *Samet* v. *Day* is affirmed on appeal, Rosenthal will be collaterally estopped from protesting his innocence and damages from the judgment will be viewed as being proximately caused by his own wrongdoing. (*Weiner* v. *Mitchell, Silberberg & Knupp* (1980) 114 Cal.App.3d 39, 48 [170 Cal.Rptr. 533].)"

The judgment in *Samet* v. *Day,* renamed *Day* v. *Rosenthal,* was affirmed. (*Day* v. *Rosenthal, supra,* 170 Cal.App.3d 1125.) Rosenthal's petition for rehearing was denied September 6, 1985, and his petition for review by the Supreme Court was denied October 16, 1985. (*Id.* at 1181.) The Court of Appeal issued the remittitur on November 12, 1985. Rosenthal's petition to the United States Supreme Court for a writ of certiorari was denied on March 3, 1986.

On April 18, 1986, the Laschers filed a motion for summary judgment, in reliance on *Day* v. *Rosenthal, supra,* 170 Cal.App.3d 1125, on the ground that no act or omission by the Laschers could have proximately caused any damage to Rosenthal, and on the ground that the "law of the case" required the trial court to view "damages from the judgment . . . as being

---

[4] See footnote 1, *ante.*

proximately caused by [Rosenthal's] own wrongdoing" as expressly determined in *Wilner* v. *Superior Court, supra.* In the alternative, the Laschers' moved to dismiss, pursuant to section 583.310 of the Code of Civil Procedure, for failure to bring the case to trial within the time allowed by law. Rosenthal opposed the motions.

On June 24, 1986, the superior court granted the motion to dismiss, stating: "It is undisputed that at the time the stay went into effect 41 days remained of the 5 year period used to measure when an action should be brought to trial. Thus, when the stay was considered lifted plaintiffs had 6 months to bring the action to trial. CCP 583.350[.] The stay herein was to be in effect 'pending resolution of the *SAMET* vs *DAY* appeal.' That 'appeal' was resolved when the remittutur [*sic*] was issued 11/12/85. On 11/12/85, the jurisdiction of the trial court re-attached and the 'appeal' had been resolved. See *Nuckolls* v. *Bank of Calif.* 10 C 2d 266, 271-272 [74 P.2d 264, 114 A.L.R. 708]. The issuance of the remittitur was not stayed pending plaintiff's petition to the U.S. Supreme Court for certiorari, which was an available procedure. See *Severns Drilling Co.* v. *Sup. Court* 16 CA 2d 435 [60 P.2d 530], Cal Rules of Court Sect. 25. It was not impossible, impracticable, or futile for plaintiffs to bring the action to trial. No effort was made to seek a further stay or to stay the issuance of the remittitur pending the petitition for certiorari. Nor did plaintiffs move the trial court for a special setting for trial."

The motion for sunmary judgment was taken off calendar and the alternative motion for dismissal granted. Rosenthal appeals from the judgment of dismissal.

ISSUE

Did the six months in which this action had to be brought to trial pursuant to Code of Civil Procedure section 583.350 commence to run when the Court of Appeal issued the remittitur or when the United States Supreme Court denied the writ of certiorari?[5]

DISCUSSION

I. *The Trial Court Erred in Granting the Motion for Dismissal*

■ There is no dispute regarding the procedural facts. This action was filed on January 8, 1979. An action must be brought to trial within five

---

[5]The Laschers contend that, even if the trial court dismissed the case on an erroneous ground, its judgment must still be affirmed since their motion for summary judgment was meritorious. Because we remand to the superior court, we do not address the issues raised by this contention.

years after the action is commenced against the defendant. (Code Civ. Proc., § 583.310.) In computing the time within which an action must be brought to trial, the time during which an action is stayed is excluded. (Code Civ. Proc., § 583.340.) On November 29, 1983, when the Court of Appeal stayed prosecution, 41 days remained on the five-year period. Because less than six months remained to bring the case to trial, Code of Civil Procedure section 583.350 applied. This provision prevents mandatory dismissal "if the action is brought to trial within six months after the end of the period of tolling or extension."

The issue before us is when does the stay terminate? The answer requires an interpretation of our own opinion ordering the stay. The authorities cited by the superior court are not relevant to this key issue.[6] The court in *Nuckolls* v. *Bank of California* (1937) 10 Cal.2d 266, 271-272, held that the trial court had jurisdiction to dismiss a case which had been appealed, once the remittitur had been filed: " 'When the *remittitur* is filed with the clerk "with whom the judgment roll is filed" the jurisdiction of the superior court re-attaches.' " The issue in *Nuckolls* was when does the trial court obtain jurisdiction over a case that has been appealed and has nothing to do with the termination of a stay order?

The case of *Severns Drilling Company, Ltd.* v. *Superior Court* (1936) 16 Cal.App.2d 435, demonstrates that a party may petition for a stay of the issuance of the remittitur to enable it to make application to the United States Supreme Court for a writ of certiorari. And rule 25 of the California Rules of Court grants a reviewing court authority to stay, for good cause, the issuance of a remittitur for a reasonable time. These authorities are relevant only if the stay of this action indeed terminated upon the filing of the remittitur.

Rosenthal's contention that the tolling period ended with the United States Supreme Court's denial of certiorari rests on the argument that the Court of Appeal stayed the action pending "resolution" of the *Samet* v. *Day* appeal, which would only occur after all appellate avenues, including petition for writ of certiorari, had been pursued.

The Court of Appeal ordered a stay "pending resolution of the *Samet* v. *Day* appeal." The reasoning of the court was that many of the issues in this case, such as proximate cause and damages, would be affected by the

---

[6]The additional authorities cited by the Laschers on appeal are similarly irrelevant to the key issue.

Rosenthal points out that the two cases cited by the superior court involved the effect of a remittitur in the same case pending before the court. "In neither case did the decision in that action depend upon the resolution of a related, companion case."

judgment in *Samet* v. *Day*; the uncertainty of the ultimate outcome of that action, therefore, required a stay of proceedings in this action against the Laschers until these related issues were resolved in the underlying case. This would occur only after all avenues of judicial review, by either Rosenthal or the Laschers, were exhausted. Unless we were to ignore the United States Supreme Court's judicial review role, these avenues are not exhausted until the highest legal authority has been petitioned and has responded. Although the *filing* of the petition for writ of certiorari with the United States Supreme Court had no effect on the finality of the *Samet* v. *Day* opinion (*In re Christy L.* (1986) 187 Cal.App.3d 753, 759 [232 Cal.Rptr. 184]), it was at least theoretically possible that the United States Supreme Court would issue a writ of certiorari and eventually alter the judgment against Rosenthal. Under these circumstances, we find that the superior court erred in prematurely granting the motion to dismiss.

## II.  *The Case Is Remanded for Further Proceedings*

The Laschers contend that the judgment should be affirmed on the basis that Rosenthal is not prejudiced by the order of dismissal since their motion for summary judgment was meritorious. Because the motion for summary judgment was taken off calendar, and the judge of the superior court never ruled on the merits (Code Civ. Proc., § 906), we remand the case for appropriate proceedings, including consideration of the motion if the Laschers desire. No inferences regarding the merits of the motion for summary judgment are intended by this remand.

### DISPOSITION

The judgment is reversed and the cause remanded to the trial court with directions to vacate the order and judgment of dismissal and for further appropriate proceedings consistent with the principles expressed in this opinion. Rosenthal is awarded costs on appeal.

Klein, P. J., and Danielson, J., concurred.