[No. B024898. Second Dist., Div. Three. June 22, 1988.]

RARE COIN GALLERIES, INC., et al., Plaintiffs and Appellants, v. A-MARK COIN COMPANY, INC., et al., Defendants and Respondents.

**COUNSEL**

Miller & Daar, Miller, Daar & Newman, David Daar and Steve R. Belilove for Plaintiffs and Appellants.

Sheldon & Kulchin, Barry G. Florence and John M. McKenna for Defendants and Respondents.

**OPINION**

**KLEIN, P. J.**—Plaintiffs and appellants Rare Coin Galleries, Inc., individually, Rare Coin Galleries, Inc., on behalf of a joint venture consisting of Rare Coin Galleries, Inc. and Bowers & Ruddy Galleries, Inc., and Joel D. Rettew, individually, (collectively, Rare Coin) appeal a summary judgment in favor of defendants and respondents A-Mark Coin Company, Inc., A-Mark Financial, Inc., and Steven Markoff (collectively, A-Mark).

Because the tolling period for instigating a malicious prosecution action ended with the filing of the remittitur in the underlying action, Rare Coin properly filed its claim within one year of accrual, making the grant of summary judgment as to that cause of action error.[1]

---

[1] Because Rare Coin has not briefed the propriety of the dismissal of its abuse of process claim, the point is waived. (*In re Marriage of Schroeder* (1987) 192 Cal.App.3d 1154, 1164 [238 Cal.Rptr. 12].)

## FACTUAL AND PROCEDURAL BACKGROUND[2]

La Vere Redfield, a Nevada resident, died in 1974 leaving a sizeable estate which included a coin collection of nearly one-half million United States silver dollars. On November 4, 1975, the Nevada probate court entered an order authorizing the executrixes of the estate to sell the coins at a private sale. On December 17, 1975, A-Mark executed an agreement with the estate to purchase a portion of the Redfield collection for $5,900,000. On December 22, 1975, Rare Coin filed a petition to enjoin the private sale to A-Mark and a conditional bid to purchase the collection at a higher price. On January 14, 1976, the probate court vacated its November 4, 1975, order and voided the purchase agreement on the grounds, inter alia, the order was erroneously entered and the court had the obligation to assure no property was sold for less than the best price obtainable.[3] The Redfield collection was sold at public sale on January 27, 1976, with A-Mark successfully bidding $7,300,000.

Immediately prior to the commencement of the bidding, A-Mark served Rare Coin with a complaint in an action denominated A-Mark Coin Company v. General Mills, Inc., etc., which it had filed in the Los Angeles Superior Court. The suit was based on allegations of intentional interference with a contractual relationship and with an advantageous business relationship. After a court trial, judgment denying A-Mark any relief was entered June 23, 1981. Notice of appeal was filed July 29, 1981. The judgment was affirmed in *A-Mark Coin Co.* v. *General Mills, Inc., supra,* 148 Cal.App.3d 312, filed October 25, 1983. The Supreme Court denied hearing on February 1, 1984. The clerk of the Court of Appeal issued the remittitur on February 23, 1984.

On January 17, 1985, Rare Coin filed the subject action alleging malicious prosecution and abuse of process by A-Mark in pursuing the underlying action. A-Mark demurred on the ground the action was time-barred. (Code Civ. Proc., § 340, subd. (3).) After the demurrer was overruled, A-Mark filed a general denial and then moved for summary judgment, again asserting the one year statute of limitations.

On the summary judgment motion the trial court accepted A-Mark's position that the statute of limitations begins to run once a petition for

---

[2] The facts are developed from the pleadings in the clerk's transcript, and from the presentation in *A-Mark Coin Co.* v. *General Mills, Inc.* (1983) 148 Cal.App.3d 312 [195 Cal.Rptr. 859].

[3] A-Mark appealed from the probate court's order, which the Supreme Court of Nevada affirmed in all respects in *A-Mark Coin Co., Inc.* v. *Redfield's Estate* (1978) 94 Nev. 495 [582 P.2d 359].

hearing before the Supreme Court is denied in the underlying action, and not later upon the issuance of the remittitur. Therefore, finding Rare Coin filed its action 387 days after the accrual of its causes of action, the trial court granted summary judgment in favor of A-Mark. Rare Coin appeals.

## CONTENTIONS

Rare Coin contends an appeal is concluded only upon the issuance of the remittitur; and therefore, the statute of limitations is tolled until such time, making its malicious prosecution cause of action timely filed.

## DISCUSSION

### 1. *Standard of appellate review.*

■ Summary judgment is properly granted only if no triable issue exists or where the record establishes as a matter of law a cause of action asserted against a party cannot prevail. (*Avila* v. *Standard Oil Co.* (1985) 167 Cal.App.3d 441, 446 [213 Cal.Rptr. 314].) ■ A motion for summary judgment is addressed to the sound discretion of the trial court, so that absent a clear showing of abuse, the judgment will not be disturbed on appeal. (*Leo F. Piazza Paving Co.* v. *Foundation Constructors, Inc.* (1981) 128 Cal.App.3d 583, 589 [177 Cal.Rptr. 268].)

■ However, where the facts are agreed or ascertained, it is a question of law whether a case is barred by the statute of limitations, and we are not bound by the trial court's determination. (*Cullinan* v. *McColgan* (1927) 87 Cal.App. 684, 692 [263 P. 353]; *California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856].)

### 2. *Background.*

■■ ■■■ An action for malicious prosecution must be filed within one year of the accrual of the cause of action. (Code Civ. Proc., § 340, subd. (3); *Soble* v. *Kallman* (1976) 57 Cal.App.3d 719, 721 [129 Cal.Rptr. 373].) [4] ■ The cause of action accrues at the time of entry of

---

[4] To establish a cause of action for malicious prosecution of a civil proceeding, a plaintiff must plead and prove that the prior action: was commenced by, or at the direction of, the defendant; was pursued to a legal termination in the plaintiff's favor; was brought without probable cause; and was initiated with malice. (*Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878].)

judgment in the underlying action in the trial court. (*Scannell* v. *County of Riverside* (1984) 152 Cal.App.3d 596, 616 [199 Cal.Rptr. 644].)

The fact that the time for appeal from the judgment has not yet run does not prevent the filing of the suit and therefore does not stay the running of the statute. (*Gibbs* v. *Haight, Dickson, Brown & Bonesteel* (1986) 183 Cal.App.3d 716, 719 [228 Cal.Rptr. 398].) However, the pendency of an appeal from the judgment in the underlying action prevents the maintenance of a malicious prosecution action based on that judgment. (*Id.,* at p. 722.) Therefore, the statute of limitations runs from accrual upon entry of judgment until the date of filing of notice of appeal. (*Ibid*.) The statute is then tolled until the conclusion of the appellate process, at which time it commences to run again. (*Ibid*.)

The sole issue for our consideration is at what point is the appeal process exhausted. In the instant case, the trial court adhered to *Gibbs,* which held appellate review is concluded with the denial of a petition for hearing by the Supreme Court. (*Id.,* at p. 722.) Rare Coin urges the issuance of the remittitur by the Court of Appeal is the proper event to begin anew the running of the statute. To resolve the question, we begin by examining the role of the remittitur in the appellate process.

a. *The remittitur.*

A Court of Appeal decision becomes final as to that court 30 days after filing. (Cal. Rules of Court, rule 24(a).)[5] A party seeking review by the Supreme Court must serve and file a petition within 10 days after the decision of the Court of Appeal becomes final as to that court. (Rule 28(b).) The Supreme Court then has up to 90 days, including extensions, within which to order review of the Court of Appeal decision. (Rule 28(a)(2).) Notwithstanding the denial of the petition by the Supreme Court on an earlier date, the clerk of the Court of Appeal normally withholds issuance of the remittitur until the expiration of the period during which review in the Supreme Court may be determined. (Rule 25(a).)[6] The remittitur is deemed issued on the clerk's entry of it in the record of the case. It is to be transmitted immediately, with a certified copy of the opinion, to the superior court. (Rule 25(a).) Upon issuance of the remittitur, the clerk of the Court of Appeal mails notice thereof to the parties. (Rule 25(e).)

---

[5] All subsequent rule references are to California Rules of Court, unless otherwise indicated.

[6] Rule 25(b) allows for early issuance of a remittitur. It provides: "For good cause shown, or on stipulation of the parties, the Supreme Court may direct the immediate issuance of a remittitur. The Court of Appeal may direct the immediate issuance of a remittitur on stipulation of the parties."

■ After the remittitur is issued, the jurisdiction of the appellate court ceases, and jurisdiction is revested in the superior court. (*Riley* v. *Superior Court* (1957) 49 Cal.2d 305, 310 [316 P.2d 956].) Thus, the effect of the delay between the filing of the Court of Appeal opinion and the issuance of the remittitur is to afford the parties the opportunity to petition for rehearing in the Court of Appeal (rule 27(b)), and to seek review in the Supreme Court, before appellate jurisdiction is lost.

3. *Recommencing running of statute with issuance of remittitur is more workable rule.*

■ As indicated, *Gibbs* declares the denial of a petition for hearing exhausts the appeal process. (*Gibbs* v. *Haight, Dickson, Brown & Bonesteel, supra,* 183 Cal.App.3d at p. 722.) In that case, 414 days elapsed between entry of judgment in the underlying case and the filing of the malicious prosecution action. (*Ibid.*) Accordingly, the *Gibbs* court was not required to address why it is the denial of review, as opposed to the issuance of the remittitur or some other occurrence, which marks the conclusion of appellate review and thereby resumes the running of the statute. The significance of the date of the issuance of the remittitur in relation to that of the Supreme Court's denial of review was not raised as an issue in *Gibbs,* and therefore, the subject of remittitur was not even discussed.

Further analysis discloses that resort to the remittitur to end the tolling period is the more workable rule. As indicated, although the Supreme Court may have denied review on an earlier date, the clerk of the Court of Appeal generally does not issue the remittitur until the expiration of the period during which the Supreme Court still has jurisdiction to grant review. (Rule 25(a) and (b)). Until the Supreme Court loses jurisdiction in the matter, it may reconsider its order denying review and grant hearing. For the reasons that follow, such admittedly remote possibility makes the issuance of the remittitur the appropriate event to end the tolling period.

The *Gibbs* formula requires a prudent plaintiff to begin moving the case along upon denial of hearing. However, if the plaintiff files the malicious prosecution action prior to expiration of the Supreme Court's jurisdiction, a risk is run that the Supreme Court may yet grant hearing in the underlying action. Because a malicious prosecution action cannot be brought during the pendency of an appeal in the underlying action (*Friedman* v. *Stadum* (1985) 171 Cal.App.3d 775, 778-779 [217 Cal.Rptr. 585]), such a turn of events would render the plaintiff's action premature and thus subject to dismissal (*id.,* at p. 779).

The *Gibbs* rule also unduly complicates the computation of the running of the statute. Hypothetically, assume a situation wherein the Supreme Court denied a petition for hearing and two weeks later reconsidered and granted review. Under the *Gibbs* rationale, it is unclear whether the statute would run during that two week interval, or whether it would be deemed that the appeal process was pending throughout.[7]

### a. *Rare Coin's malicious prosecution action timely filed.*

Between entry of judgment on June 23, 1981, and filing of notice of appeal on July 29, 1981, 36 days elapsed. Therefore, Rare Coin had 329 days following the expiration of the tolling period to file its action. The remittitur was issued on February 23, 1984. Accordingly, the filing of the complaint, on January 17, 1985, some 329 days later, was timely.

### 4. *Rosenthal case distinguished.*

*Rosenthal* v. *Wilner* (1988) 197 Cal.App.3d 1327 [243 Cal.Rptr. 472], involved an involuntary five-year dismissal of a legal malpractice action. Said action earlier was stayed by order of the Court of Appeal "pending resolution" of an underlying appeal. (*Id.,* at p. 1333.) The stay was issued because the ultimate outcome of the underlying action was uncertain, and many of the issues in the malpractice action would be affected thereby. (*Id.,* at pp. 1333-1334.)

In the underlying appeal, the California Supreme Court denied a petition for review and the Court of Appeal issued the remittitur. Thereafter, a petition to the United States Supreme Court for a writ of certiorari was filed and denied. (*Id.,* at p. 1331.)

*Rosenthal* held the appeal process was concluded "only after all avenues of judicial review, . . . , were exhausted. Unless we were to ignore the United States Supreme Court's judicial review role, these avenues are not exhausted until the highest legal authority has been petitioned and has responded. . . . [as] it was at least theoretically possible that the United States Supreme Court would issue a writ of certiorari and eventually alter the [underlying] judgment . . . ." (*Id.,* at p. 1334.)

Because in the instant case no further review was sought following denial of the petition for review by the California Supreme Court, *Rosenthal* is

---

[7] Even assuming no petition for review is filed in the California Supreme Court, under our rationale, awaiting the remittitur remains appropriate because the Supreme Court may grant hearing on its own motion. (Rule 28(a).)

distinguishable. However, where a party pursues the underlying action beyond the California Supreme Court, the time for filing a malicious prosecution action would continue to be tolled past the issuance of the remittitur.

## CONCLUSION

For purposes of filing a malicious prosecution action, where no review is sought beyond the California Supreme Court, it is the issuance of the remittitur in the underlying action which exhausts the appellate process and recommences the running of the statute of limitations.

## DISPOSITION

The judgment is reversed with respect to the dismissal of the cause of action for malicious prosecution only and is otherwise affirmed. Each party to bear respective costs on appeal.

Arabian, J., and Croskey, J., concurred.

Respondents' petition for review by the Supreme Court was denied September 21, 1988.