[No. C009903. Third Dist. Dec. 27, 1990.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
PATRICK BRUCE GORDON, Real Party in Interest.

## Counsel

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Ward A. Campbell, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Fern M. Laethem, State Public Defender, under appointment by the Court of Appeal, Dee Hayashi and Michael Tanaka, Deputy State Public Defenders, for Real Party in Interest.

## Opinion

**PUGLIA, P. J.**—Petitioners (the People) contend the superior court abused its discretion in refusing to set an execution date after the California

Supreme Court affirmed the judgment of death entered against real party in interest (defendant). We shall conclude that under Penal Code section 1193 the fixing of a date for imposition of the death penalty cannot be made contingent on the disposition of applications for further judicial review of the judgment beyond the direct appeal to this state's high court.

The facts, as set forth in the People's petition, are not in dispute. On June 22, 1990, the Supreme Court affirmed the judgment of death previously imposed in defendant's case. On August 29 its remittitur issued. The superior court, pursuant to rule 490 of the California Rules of Court, scheduled a public session for October 18 to set an execution date. Defendant then moved for a continuance of the proceeding until "after final disposition of petition for certiorari in the United States Supreme Court." The superior court granted a continuance until December 12. At the time that order was entered, no petition for certiorari had been filed. At the continuance hearing, the court also indicated that, assuming a petition was filed before December 12, it would further postpone the proceeding to set an execution date until after the United States Supreme Court acted on the case. We have been advised by counsel for defendant that a petition for certiorari was in fact filed on November 27.

Penal Code section 1193 provides, in pertinent part, that " . . . when any judgment imposing the death penalty has been affirmed by the appellate court, sentence may be reimposed upon the defendant in his or her absence by the court from which the appeal was taken, and in the following manner: upon receipt by the superior court from which the appeal is taken of the certificate of the appellate court affirming the judgment, the judge of the superior court shall *forthwith* make and cause to be entered an order pronouncing sentence against the defendant, and a warrant signed by the judge, and attested to by the clerk under the seal of the court, shall be drawn, and it shall state the conviction and judgment and appoint a day upon which the judgment shall be executed, which shall not be less than 60 days nor more than 90 days from the time of making the order . . . ." (Italics added.) ▇ Defendant's interpretation of this language, which the trial court accepted, is that the statute does not specify a definite time within which the proceeding to set an execution data must be held, and it may therefore be delayed for any "reasonable" period. Furthermore, defendant argues, it is entirely reasonable to postpone setting of the date until after the filing and disposition of a petition for certiorari, since experience shows that imposition of sentence will be routinely stayed by the state or federal supreme court in any event. Thus, postponement will obviate the need to submit pro forma stay requests, and spare the superior court from performing an "idle act."

We find defendant's reasoning untenable. While Penal Code section 1193 does not mandate that the proceeding to set a new execution date be held within a prescribed time, it nonetheless requires the trial court to act "forthwith" after the remittitur is issued. ▆ " 'Forthwith' means 'immediately; without delay; within a reasonable time, promptly and with reasonable dispatch.' " (*In re Rose* (1949) 90 Cal.App.2d 299, 302 [202 P.2d 1064].) While what is reasonable depends upon the circumstances of each case, "forthwith" must, we believe, be construed as meaning as expeditiously as possible in the given situation. (See *Newlove* v. *Mercantile Trust Co.* (1909) 156 Cal. 657, 666 [105 P. 971].) ▆ With regard to a proceeding to fix a new execution date, we read Penal Code section 1193 as requiring that it take place as soon as the trial court's calendar reasonably permits after the filing of the remittitur. The fact that the statute fails to mandate such a proceeding within a particular time does not, as defendant would have it, mean that it can be held in abeyance until some indefinite future time when his direct attack on the judgment is resolved by the United States Supreme Court.

In opposition to the present petition, defendant asserts that when section 1193 is read in conjunction with section 1227 of the Penal Code, one must conclude that the statutory scheme contemplates awaiting completion of all direct appeal efforts before an execution date is set. Penal Code section 1227 provides for the setting of a date in all cases where a sentence of death has not been executed "for any reason other than the pendency of an appeal . . . ." Defendant infers from this language that Penal Code section 1193 must govern in any situation where appellate proceedings are still pending. Since the appeal process is not concluded until petitions for certiorari have been acted on (see *Rare Coin Galleries, Inc.* v. *A-Mark Coin Co., Inc.* (1988) 202 Cal.App.3d 330, 337 [248 Cal.Rptr. 341]), Penal Code section 1193 must, defendant's argument continues, contemplate delay until the United States Supreme Court disposes of his case. This theory is easily refuted by reference to the complete language of the statute. First, defendant's brief conveniently ignores the final words of the phrase from Penal Code section 1227 quoted above. The omitted portion reads: "pursuant to subdivision (b) of section 1239 . . . ." Since a petition for certiorari is not taken pursuant to Penal Code section 1239, defendant's interpretation of the statute is incorrect. Furthermore, the express language of Penal Code section 1193 requires a date for execution to be set forthwith after issuance of a remittitur by the state Supreme Court, not upon exhaustion of all appellate remedies.

Accordingly, the superior court erred in failing to comply with the statutory directive, and the People are entitled to relief. Let a peremptory writ of

mandate issue directing respondent superior court to vacate its order granting defendant's motion for a continuance of the proceeding to fix a date for execution, enter a new order denying that motion, and proceed in a manner consistent with the views expressed herein.

Davis, J., and Scotland, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied March 14, 1991.