Filed 5/14/24  Kihagi v. Liu CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| ANNE KIHAGI, | B319340 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 21STCV33378) |
| v. | |
| LIN DEE LIU et al., | |
| Defendants and Respondents. | |

APPEAL from an order from the Superior Court of the County of Los Angeles, Michael P. Linfield, Judge.  Dismissed.

Charles E. Shelton for Plaintiff and Appellant.

Leland, Parachini, Steinberg, Matzger & Melnick, David B. Tillotson, and Ravi D. Sahae for Defendants and Respondents Lin Dee Liu and Ami Kimoto.

# I.     INTRODUCTION

Plaintiff Anne Kihagi purports to appeal from the trial court's order declaring her a vexatious litigant.  Because plaintiff has appealed from a nonappealable order, we dismiss her appeal.

# II.     BACKGROUND

## A.     *Prior Litigation* (*the San Francisco Housing Action*)

On June 4, 2015, the City and County of San Francisco and the People of the State of California (the People) filed, in the Superior Court for the County of San Francisco, a complaint charging plaintiff with violations of the housing laws, nuisance, and unfair competition.

On May 23, 2017, the San Francisco trial court found plaintiff liable on all causes of action, assessed $2,729,529 in civil penalties, issued an injunction, and awarded attorney fees. Plaintiff appealed from the judgment and on December 3, 2018, the Court of Appeal affirmed.  The remittitur issued on March 14, 2019.

Following the issuance of the remittitur, plaintiff, appearing in propria persona, filed numerous pleadings seeking to relitigate the judgment against her.

1.     On May 24, 2019, plaintiff filed a "Motion to Set-Aside Plaintiff's May 2017 Injunction And For Removal of Its Recordation at the County Assessor-Recorders Office."  In that motion, plaintiff requested that the court vacate the May 23, 2017, judgment.

2. Four days later, on May 28, 2019, plaintiff filed a "Renewed Motion for Order Vacating Notice of Pendency of Action [Lis Pendens]." The People had recorded the lis pendens at the time they filed their complaint, and plaintiff explained that she sought to "renew" the motion that she had initially filed on October 9, 2018, which had been denied by the trial court on December 4, 2018. On July 17, 2019, the trial court denied the May 28, 2019, motion.

3. On August 26, 2019, plaintiff filed a "Joint Motion to Set Aside and Vacate Judgment and Attorney Fees Award." In this motion, plaintiff, while appearing in propria persona, purported to represent related entities. Following the trial court's continuance of the hearing date, plaintiff did not seek to reschedule a hearing on the motion.

4. On November 23, 2020, plaintiff filed another motion to vacate the injunction and its enforcement, entitled a "Motion to Vacate Void Injunc[t]ion and its Enforcement Thereof."[1] The trial court conducted a hearing on the motion and denied it on February 8, 2021.

5. On December 28, 2020, plaintiff filed a memorandum of points and authorities in support of a "Motion to Vacate Contempt Orders of July 29th, 2019 as Constitutionally Void." In that motion, plaintiff sought to vacate the injunction, which she now described as a "contempt" order. On February 19, 2021, the trial court denied the motion.

6. On June 7, 2021, plaintiff, in propria persona, filed a "Memorandum of Points & Authorities ISO Motion To Vacate Judgments of May 23, 2017 & October 18, 2017 Under [Code of

---

[1] Although the caption of the motion included the names of two attorneys, plaintiff alone signed the motion.

Civil Procedure section] 473[, subdivision] (d) Based Upon Prosecutorial Misconduct By Intentionally Presenting False <u>Law</u> To Tribunal That Materially Impacted The Court Rulings and Impeded a Fair Trial."[2]  As indicated by the title, the motion challenged the People's prosecution of the case.  Two days before the scheduled hearing, and after the People filed their opposition, plaintiff withdrew her motion.

7.     On June 16, 2021, plaintiff, in propria persona, filed a "Memorandum of Points and Authorities I.S.O. Defendant's Motion to Vacate The Court's Judgments Based on Prosecutorial Misconduct in Presenting False Facts and Argument Regarding Defendant C. Mwangi's Owner Move-In Eviction and Subsequent Occupancy of Unit at the Subject Hill Street Property."[3]  After the People filed their opposition and two days prior to the scheduled hearing, plaintiff withdrew the motion.

8.     On August 23, 2021, plaintiff, in propria persona, filed a "Motion to Vacate Judgment After Court Trial as Void as a Result of Judicial Misconduct and Undisclosed Bias."[4]  Plaintiff alleged that one of the trial court judges who presided over this matter "was a celebrated gay rights advocate" and "[a]ny such judge is expected to recuse himself from any case involving homosexual litigants."  Following the People's filing of an

---

[2]     The caption of the pleading included the names of counsel for the related entities, including Karen Y. Uchiyama.  But only plaintiff signed the pleading.

[3]     Although the caption of the pleading included the names of counsel for the related entities, only plaintiff signed the pleading.

[4]     Although the caption of the pleading included the names of counsel for the related entities, only plaintiff signed the pleading.

4

opposition, and six days prior to the scheduled hearing, plaintiff withdrew her motion.

9. On October 5, 2021, plaintiff filed a "Motion to Vacate Pre-Trial Sanction That Resuscitated Abated & Closed Violations To Enable Awards of DBI Penalties & Attorney Fees After Trial as Void for Judicial Misconduct, and Acts Without Jurisdiction."[5] That motion sought to vacate the trial court's earlier issuance of a pretrial order and requested the court to "appropriately revers[e] all appropriate parts of the judgment that arose from that order." The trial court denied the motion on December 15, 2021, observing that "[t]he issues of jurisdiction and discovery sanctions have been determined on appeal."

B. *Plaintiff's Complaint* (*Instant Litigation*)

October 29, 2021, plaintiff filed an amended complaint against defendants Ami Kimoto and Lin Dee Liu alleging breach of fiduciary duty, violations of various disclosure laws under the Business and Professions Code, rescission, negligent misrepresentation, and unfair competition. Plaintiff sought to rescind certain loans that she had obtained from defendants and requested damages, disgorgement, injunctive relief, attorney fees, and other relief.

---

[5] Although the caption of the pleading included the names of counsel for the related entities, only plaintiff signed the pleading.

C.      *Plaintiff Declared a Vexatious Litigant*

On December 17, 2021, defendants' counsel filed a declaration in support of a motion for an order declaring plaintiff a vexatious litigant.[6] Counsel's declaration described over 30 pleadings that plaintiff filed in propria persona, including the nine we describe above. It also described various writs that plaintiff had taken from the rulings denying her motions.

On January 24, 2022, the trial court conducted a hearing on defendants' motion.[7] The court then issued a minute order finding, among other things, that counsel's declaration "clearly shows that [plaintiff] should be deemed a vexatious litigant." The court concluded that plaintiff's "multiple, routinely-denied pro per motions in the CCSF Action offer evidence sufficient to satisfy [Code of Civil Procedure section 391, subdivisions (b)(2)–(3)].[8] (See Sahae Decl., ¶¶ 23, 27, 36, 41, 46, 50, 65, 69, 75, 81, 85, 102.)" The court therefore determined that plaintiff was a vexatious litigant and ordered that she was "prohibited from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge or justice of the court where it is to be filed."

---

[6]     Plaintiff has not included a copy of the motion in the record on appeal.

[7]     Plaintiff has not submitted a reporter's transcript or a suitable substitute, such as a settled or agreed statement of those proceedings.

[8]     All further statutory references are to the Code of Civil Procedure.

On February 4, 2022, the trial court conducted a further hearing and ordered that plaintiff post a $200,000 bond as security, pursuant to sections 391.1 and 391.3, subdivision (a).[9]

D.    *Plaintiff's Notices of Appeal*

On February 23, 2022, plaintiff filed a notice of appeal, challenging the trial court's January 24, 2022, order, declaring her a vexatious litigant (the Instant Appeal).

On May 11, 2022, the trial court dismissed plaintiff's amended complaint for plaintiff's failure to post a security bond. That same date, plaintiff filed a notice of appeal from the dismissal order (the Second Appeal).  On January 27, 2023, this court found plaintiff to be in default on her Second Appeal and dismissed the appeal.  Plaintiff did not file a motion to reinstate the Second Appeal and the remittitur dismissing it issued on April 6, 2023.

On April 6, 2023, defendants filed a motion to dismiss the Instant Appeal on the grounds that vexatious litigant orders are not appealable.  (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 635).  On April 21, 2023, plaintiff filed an opposition to the dismissal, requesting that this court treat the Instant Appeal as an appeal from the trial court's subsequent dismissal order, the order at issue in the Second Appeal.

---

[9]    The record does not include a transcript of this hearing or a suitable substitute, such as a settled or agreed statement.

## III.   DISCUSSION

"An order determining a party to be a vexatious litigant and requiring the posting of security under section 391.3 is not directly appealable." (*Golin v. Allenby, supra,* 190 Cal.App.4th at p. 635.)  "But if the plaintiff subsequently fails to furnish security, an appeal lies from the subsequent order or judgment of dismissal that follows under section 391.4." (*Ibid.*)  Although we could ordinarily exercise our discretion to treat a prematurely filed notice of appeal as having been filed immediately after entry of the appealable judgment (Cal. Rules of Court, rule 8.104(d)(2)), here, plaintiff timely filed a notice of appeal after entry of judgment (the Second Appeal), but that appeal has now been dismissed and the remittitur has issued, which divests this court of jurisdiction over the appealable order.  (*Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 774.)

In any event, even if we were to consider the merits of plaintiff's appeal, we would affirm.  "'"A court exercises its discretion in determining whether a person is a vexatious litigant.  [Citation.]  We uphold the court's ruling if it is supported by substantial evidence.  [Citations.]  On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment." [Citation.]'" (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1346.)

Section 391, subdivision (b) defines a "vexatious litigant" as "a person who does any of the following:  [¶]  . . .  [¶]  (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the

8

same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined."

Plaintiff contends that substantial evidence does not support the trial court's order because, in her view, the case "is still pending because the San Francisco Court retained supervision over the Injunction." Plaintiff's contention is meritless. The judgment became final on March 14, 2019, when, following the Court of Appeal's affirmance of the judgment, the remittitur issued. (*Rare Coin Galleries, Inc. v. A-Mark Coin Co., Inc.* (1988) 202 Cal.App.3d 330, 338 ["where no review is sought beyond the California Supreme Court, it is the issuance of the remittitur in the underlying action which exhausts the appellate process . . ."].) Plaintiff did not file pleadings seeking to determine whether she had complied with the terms of the injunction against her. Instead, as described above, she repeatedly filed pleadings seeking to relitigate the merits of the underlying judgment. Substantial evidence therefore supports the court's order declaring her a vexatious litigant.

## IV.   DISPOSITION

Plaintiff's appeal of the order declaring her a vexatious litigant is dismissed.  Respondents are entitled to costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

BAKER, Acting P. J.

MOOR, J.